Judge Stites
delivered the opinion of the Court.
This is an appeal by the commonwealth from a judgment of the Circuit Court acquitting the appellee of a charge of permitting gaming upon premises *339 under his control and in his occupation, the penalty for which offense is not less than two hundred nor more than five hundred dollars. The prosecution was begun since the Criminal Code went into effect. The judgment seems to have been rendered at the May term, 1855, of the Circuit Court, and exceptions •signed, and appeal prayed on the 19th May, 1855.
1. Appeals from judgments of the Circuit Court in cases of misdemeanors must be taken at the term ■at which the judgment is rendered. (Crim. Code, sec. 343.)
2. The record must be filed in the clerk’s office of the Court of Appeals within sixty days after the judgment. No summons is necessary.
The record does not appear to have been filed in the clerk’s office of this court until the 7th day of September, 1855.
By the second article of the Criminal Code, regulating appeals in misdemeanors, section 343, it is provided that “the appeal shall be prayed during the 4 term at which the judgment was rendered, and shall 4 be granted upon the condition that the records is lodg4 ed in the clerk’s office of the Court of Appeals with-4 in sixty days after the judgment.”
In section 345, same article, it is provided that 4 when the Commonwealth’s Attorney prays an ap4 peal, the clerk shall forthwith make and certify a 4 complete transcript of the record, and transmit the 4 same to the Attorney General, or deliver it to the 4 Commonwealth’s Attorney for that purpose ; and if 4 the Attorney General, on inspecting the same, be-4 lieves it proper to take the appeal, he shall do so by 4 filing the transcript in the clerk’s office of the Court 4 of Appeals in sixty days after judgment.” And in section 346, “no summons is necessary on an ap4 peal.”
The first section of the Criminal Code declares that it shall regulate the proceeding in all prosecutions and penal actions after the 1st July, 1854.
The third section expressly repeals all laws coming within the perview of the Code when it takes effect, except those that apply to cases commenced before the 1st September, 1854. So that the only mode prescribed and in force for prosecuting appeals in misdemeanors, arising since the 1st July, 1854, and applicable to the present case, is contained in the Criminal Code.
*340 This has not been complied with, in failing to file the record within sixty days after the judgment, and this court cannot now take jurisdiction of the case.
Wherefore, the appeal is dismissed.