CASE 3—INDICTMENT—DECEMBER 7.

# Commonwealth vs. McCready.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. In a prosecution for a misdemeanor an appeal cannot be maintained if the record be not lodged in the clerk's office of the court of appeals within sixty days after the judgment. (*Crim. Code sec.* 343 ; 16 *B. Mon.*, 338.) This rule applies whether the appeal is prayed by the Commonwealth or by the defendant.

2. Although in such case, after judgment rendered and motion for new trial overruled, time be given, by consent of the parties by their attorneys, until the first day of the next term to file a bill of exceptions, it is still incumbent on the appellant to file the record within sixty days after the judgment.

3. *Quære.* Must the bill of exceptions in every such case be prepared and filed at the same term the case is tried ? If time can be allowed until a subsequent term, it can only be done by withholding a judgment or suspending its effect after it has been rendered, and retaining control over it until the subsequent term and by then making it a judgment of that term.

A. J. JAMES, Attorney General, for Commonwealth, cited *Rev. Stat.*, *sections* 2 *and* 5, *art.* 21, *page* 270–1.

JOHN RODMAN and JOHN M. HARLAN, for appellee, cited *Crim. Code, sections* 343, 345 ; 16 *B. Mon.*, 339 ; *Rev. Stat.*, 270, *art.* 21, *sections* 1 *and* 2 ; *Crim. Code, sec.* 126 ; *Ib., sub-div.* 3 *of sec.* 164 ; *Ib., sec.* 168 ; *Brenham vs. Freeman*, 17 *B. Mon.*, 607 ; *Criminal Code, sec.* 333 ; *Ib., sections* 1–4 ; *Ib., sec.* 267 ; *Cluskee vs. Commonwealth, MS. opin. Dec.*, 1856.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

This was a prosecution for a misdemeanor, in which a verdict and judgment having been rendered for the defendant, the attorney for the Commonwealth prayed an appeal.

The record not having been lodged in the clerk's office of this court within sixty days after the judgment, the question arises, can the appeal be maintained?

By the provisions of the Criminal Code the appeal in such a case must be prayed during the term at which the judgment was rendered; and shall be granted upon the condition that the record is lodged in the clerk's office of the court of appeals within sixty days after the judgment. (*Sec.* 343.)

If the record be not lodged in the clerk's office of this court within sixty days after the judgment, the appeal cannot be maintained. (*Commonwealth vs. Adams*, 16 *B. Mon.*, 338.)

This rule applies whether the appeal is prayed by the Commonwealth or by the defendant.

In this case, after the judgment was rendered, and a motion for a new trial had been overruled, time was given, by the consent of the parties by their attorneys, until the first day of the next term to file a bill of exceptions. Did this order dispense with a compliance with the requisition of the code as to the time the record must be filed, or was it still incumbent on the appellant to file it within the sixty days after the judgment?

This requisition of the Code is imperative; and unless the judgment was suspended by the order allowing time to file the bill of exceptions until that time expired, so that it could not be regarded as a final judgment until that time, the record was not filed in due time, and the appeal cannot be maintained.

As a judgment had been rendered and a motion for a new trial overruled, the order by which time was given to file a bill of exceptions did not have the effect of suspending the judgment itself, although it may have suspended its execution. The court had no power over the judgment at the ensuing term. It was final in every respect, and an appeal had been prayed and granted at the term it was rendered.

Whether, in view of this provision of the Code, the bill of exceptions must in every case be prepared and filed at the same term the case is tried, it is unnecessary to decide; for if time can be allowed under the provisions of the Criminal Code until a subsequent term to prepare and file a bill of exceptions, it

can only be done by withholding a judgment, or suspending its effect after it has been rendered, and retaining control over it until the subsequent term, and by then making it a judgment of that term.

Here the judgment was rendered at the same term the trial was had, and if the order allowing time to file the bill of exceptions could have the effect of suspending the execution of the judgment until that time expired—and certainly it could not have any greater effect—it would still be a judgment of the previous term, and an appeal from it could only be maintained by lodging the record in the clerk's office of this court within sixty days after the judgment.

Wherefore, the record not having been filed in time, the appeal is dismissed.