Louisville Chemical Works v. Commonwealth.

CASE 35—INDICTMENT—SEPTEMBER 23.

# Louisville Chemical Works v. Commonwealth.

APPEAL FROM LOUISVILLE CITY COURT.

1. A motion for a new trial suspends the judgment until the motion is disposed of. (Reynolds v. Horine, 13 B. Monroe, 234.)
2. An appeal can not be prosecuted until after the motion for a new trial has been disposed of.
3. "The appeal shall be prayed during the term at which the judgment was rendered," etc. This provision of section 343 of the Criminal Code, in cases where a motion for a new trial is required, refers to the term at which the judgment is rendered overruling the motion for a new trial.
4. *Erroneous instruction to the jury as to weight of testimony.*—"Where there is a conflict in the testimony of witnesses, the one side being of an affirmative and the other a negative character, the affirmative character of the testimony is preferred, and is entitled to the greater weight by the jury in making up their verdict." *Held*, that the foregoing instruction contains a mere abstract principle of law, and in this case was misleading and should not have been given.

BODLEY & SIMRALL,　⎫
B. H. ALLEN, . . . ⎬ . . . . . . . . For Appellant,
J. R. DUPUY, . . . ⎭

CITED

Ms. Opinion, December, 1855, Commonwealth v. Lady.
Criminal Code, sections 343, 334.
3 Bibb, 93, Gillespsie v. G., &c.
4 Phillips's Evidence, 775, 2d part, note 403.
1 Starkie on Evidence, page 515.
6 Bush, 703, Weil & Bro. v. Silverstone.
6 Peters, 621, Crane v. Morris.
6 Connecticut, 189, Johnson v. Scribner.
2 Metcalfe, 377, Commonwealth v. McCready.
1 Monroe, 3, Buckner v. Corley.
16 B. Monroe, 339, Commonwealth v. Adams.
1 Duvall, 10, Tipper v. Commonwealth.
1 S. & R. 342, Commonwealth v. Stewart.
2 Dana, 418, Commonwealth v. Hopkins.

JOHN RODMAN, Attorney-General, . .⎫
F. HAGAN, Pros. Att'y Lou. City Court, ⎭ . . For Appellee,

CITED

Criminal Code, sections 342, 343, 348, 349, 269.

Act of March 3, 1870, establishing new Charter for city of Louisville, Session Acts, page 30, section 54.

1 Metcalfe, 365, Murphy v. Commonwealth.

6 Bush, 327.                          5 Randall, 591.

6 Car. & P. 292.                      8 Cowen, 146, Lansing v. Smith.

8 Indiana, 494, Hackney v. Smith.

6 Ches. 80, Commonwealth v. Smith.

1 Bishop's Criminal Law, sections 540, 939, 1074.

2 Car. & P. 485, Rex v. Neil.

1 Burrows, 333, Rex v. White.

1 Phillips on Evidence, side page 713.

4 Hals. 26–31, State v. Potts.

3 Greenleaf's Evidence, page 375.

1 Wendell, 625, Martin v. Malin.

12 Wendell, 27, Fowler v. Loomis.

6 Connecticut, 185, Johnson v. Scribner.

2 Alabama, 571, 698.          1 Starkie, 579.

16 B. Monroe, 339, Commonwealth v. Adams.

2 Metcalfe, 376, Commonwealth v. McCready

3 Metcalfe, 517, McManama v. Garnett.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants, the Louisville Chemical Works, were indicted in the Louisville City Court for a misdemeanor, and upon the trial of the indictment were found guilty, and a fine imposed upon them, by the verdict of the jury, of three thousand dollars, and a judgment rendered thereon by the court.

The appellees have made their motion in this court to dismiss the appeal, for the alleged reason that it was not prayed during the term at which the judgment was rendered. That portion of the act of the legislature passed in March, 1870, creating a new charter for the city of Louisville, referring to the city court, provides that it shall hold " monthly terms, and at each term may cause to be summoned and impaneled a grand or petit jury, or both. Said terms to commence on

the first Monday of each month, and continue so long as business may require." In this case the judgment was entered at the November term, 1870, of the court, and a motion for a new trial made at the same time, and the hearing of this motion postponed by an order of the court until the December term following. At the December term the motion for a rehearing was overruled, to which the appellants excepted, and prayed an appeal.

In misdemeanors appeals may be prosecuted by the defendant to the Court of Appeals, to reverse judgments rendered by an inferior court, where the amount of the judgment exceeds fifty dollars. "The appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon condition that the record is lodged in the clerk's office of the Court of Appeals within sixty days after the judgment." (Civil Code of Practice, section 343.)

It is an indispensable requisite that the appeal shall be prayed in the lower court during the term at which the judgment was rendered, and the record lodged with the clerk of this court within sixty days afterward; and this court, in the case of the Commonwealth v. Adams, 16 B. Monroe, dismissed the appeal because the record was not filed in the clerk's office of this court within the sixty days.

No appeal can be taken by either party, plaintiff or defendant, to this court from the judgment of an inferior court, in a case like this, without first making a motion for a new trial in the court where the error complained of occurred. Upon the hearing of the motion, if overruled, the party complaining files his bill of evidence, and is then in a condition to bring his case to this court, and not before. If either party should bring the case here upon the judgment alone, with the motion for a new trial pending in the lower court, or without having made such motion, the dismissal of the appeal would be the inevitable result. If appellants had appealed from the

judgment in this case at the time it was entered, viz., at the November term, and filed their record in this court, with the motion for a new trial pending in the lower court, and continued over until the December term, we are at a loss to perceive how this court could take jurisdiction and try the appeal.

There is no judgment in fact upon the verdict of a jury until the motion for a new trial, if made in proper time, is disposed of. This motion suspends the judgment, and it has no more effect than the verdict of the jury until the application for a new trial is overruled. Any other construction of the law would deprive parties of the right to an appeal in *all cases*, where the court, for prudential reasons or otherwise, saw proper to continue the motion from one term to another, a right that the court can exercise, and over which neither the counsel nor his client have any control.

In the case of Reynolds v. Horine, 13 B. Monroe, 234, this court say: "That a motion for a new trial suspends the judgment." Hilliard on New Trials, page 59, says: "That with regard to the effect of a motion for a new trial, independently of express statutory provision, judgment is thereby suspended."

We are well satisfied that the provisions of the Code have been complied with, and the motion to dismiss the appeal is overruled.

The appellants seek the reversal of this case upon various grounds, only one of which we deem necessary to consider. The court, at the instance of the attorney for the commonwealth, gave the following instruction: " Where there is a conflict in the testimony of witnesses, the one side being of an affirmative and the other of a negative character, the affirmative character of testimony is preferred, and is entitled to the greater weight by the jury in making up their verdict." This instruction contains a mere abstract principle of law that

is often applied by the judicial discriminating mind to the facts of a case in order to arrive at the truth without doing injustice to either party; but we are satisfied that the effect of such an instruction, and particularly in a case like this, would be to mislead the jury. The commonwealth in this case proved by a number of witnesses that the bones of dead animals had been hauled and thrown together in heaps in the locality where this nuisance is said to have been created, and that the odors, etc., arising from the bones, many of them having particles of flesh upon them, rendered the atmosphere unpleasant, and in fact compelled many of the neighbors to leave their homes; they also prove that it rendered the water impure, and those who drank of it sickened. On the other side, the defense proved by various witnesses that they examined the bones, found them perfectly dry, and no bad odor emanating from them; by others that they drank the water constantly, and were perfectly healthy; thus presenting a conflict in the testimony that might lead the minds of jurors to form different conclusions from the facts proven.

The familiar illustration of the effect of affirmative and negative testimony given in the books of two persons being in the same room for the same period of time, and the one swearing that he heard the clock strike and the other that he did not, should not be made to apply to this case; but on the other hand, following the illustration given, if the two witnesses had been placed in the room for the purpose of ascertaining whether or not the clock did strike, and they should make conflicting statements, as in the first instance, then the difference between the weight of positive and negative testimony would amount to nothing, and the jury would have to look alone to the credibility of the witnesses. In this case, without attempting to determine the weight of the evidence, or the analogy between it and the illustration given, the proof was as positive and direct upon the one side as the

other. We are inclined to the opinion that the instruction given in this case excluded from the consideration of the jury the testimony offered by appellants, and whether it did or not it was certainly misleading, and should not have been given.

The cause is reversed, with directions to the court below to set aside the judgment rendered, and grant to appellant a new trial, and for further proceedings not inconsistent with this opinion.