## LOUISVILLE & NASHVILLE R. CO. *v.* COMMONWEALTH.

**Criminal Law—Appeals.**
>    Where an appeal is taken in a criminal case the record must be lodged with the clerk of the court of appeals within sixty days after the judgment is rendered, and where not filed within that time it will be dismissed on motion.

### APPEAL FROM MARION CIRCUIT COURT.

#### January 16, 1875.

OPINION BY JUDGE PETERS:

This is an indictment for a misdemeanor. Appellant's motion for a new trial was overruled on the 19th of August, 1874, and a final judgment rendered against it the same day, and an appeal granted to this court; but a copy of the record was not lodged with the clerk of this court till the 8th of December, 1874; and a motion is now made by the attorney-general to dismiss the appeal, because the record was not lodged with the clerk within the time prescribed by law.

Sec. 343, Criminal Code, provides that the appeal should be prayed during the term at which the judgment was rendered, and shall be granted upon the condition that the record is lodged in the clerk's office of the court of appeals within sixty days after the judgment.

In *Commonwealth v. McCready,* 2 Met. 376, this court held that this section of the code is imperative, whether the appeal is prayed by the commonwealth or the defendant; and in *Commonwealth v. Adams,* 16 B. Mon. 338, it is said that if the record be not lodged in the clerk's office of this court within sixty days after the judgment the appeal cannot be maintained. From the language of the section of the Criminal Code quoted, independent of the judicial construction put upon it, this court has no discretion. The motion must be *sustained* and the appeal be dismissed.

*Rountree, for appellant.*
*John Rodman, for appellee.*