## SIVERBURG VS. THE STATE.

1. APPEAL: *Time for filing transcript in criminal cases. Waiver, etc.*
   This Court will not take jurisdiction of an appeal in a criminal cause where the transcript is not filed within sixty days after the judgment; and an agreement of the Prosecuting Attorney who tried the case to waive the time will not be regarded.

APPEAL from *Randolph* Circuit Court.
Hon. L. L. MACK, Circuit Judge.
*Hughes*, Attorney General for appellant.

ENGLISH, CH. J.:

The appellant was indicted in the Circuit Court of Randolph County for gaming, tried, convicted, and final judgment rendered against him on the 25th of November, 1874.

He prayed an appeal to this Court, which was granted, and the Clerk directed to make out and certify a transcript, etc., as prescribed by law.

The transcript was not filed in the office of the Clerk of this Court until the 8th of February, 1875, more than sixty days after the judgment.

The statute regulating appeals in misdemeanors, provides that "the appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon the condition that the record is lodged in the Clerk's office of the Supreme Court within sixty days after the judgment." Gantt's Digest, sec. 2139.

In Kentucky, under a like statute, the Court of Appeals held that when the transcript was not filed within sixty days after the judgment it could not take jurisdiction of the case. *Commonwealth* v. *Adams*, 16 B. Mon, 338; Ky. code practice, 658.

We have not overlooked an endorsement on the transcript purporting to be signed by the counsel for appellant, and the attorney who prosecuted for the State in the Court below, agreeing to waive the time of filing the transcript. This agreement bears date 18th January, 1875, and before the transcript was filed here.

The Clerk's certificate of authentication attached to the transcript bears date 16th January, 1875, by which it appears that the transcript was made out in time to be sent up before the sixty days expired, and if he had omitted a number of pages made up of adjourning orders unnecessarily copied into the transcript, he might have finished it at an earlier day.

We know of no authority of the Prosecuting Attorney to dispense with the requirement of the statute. If the agreement had been signed by the Attorney General, whose duty it is to prosecute or defend for the State in cases brought into this Court by appeal or writ of error, we do not know nor is it necessary for us to decide, whether we would recognize his right to consent to the filing of a transcript out of time, in a criminal case.

Nor is it necessary to decide whether we would permit the appellant to file the transcript out of time on' a sufficient showing that he was prevented by unavoidable casualties from filing it in time as in a civil case, no such showing having been made.

The appeal must be dismissed.