CASE 97—APPLICATION FOR A WRIT OF MANDAMUS BY THE COMMON-
WEALTH OF KENTUCKY AGAINST JAMES P. TARVIN, JUDGE.—FEB. 17.

# Commonwealth v. Tarvin, Judge.

APPLICATION FOR WRIT GRANTED.

APPEAL—TIME FOR PRAYING—JUDGMENT WHEN FINAL.

Held:   1. A motion for new trial suspends the judgment until the
motion is overruled, and until such time there is no judgment,.
within the meaning of Cr. Code, section 348, which provides that
the appeal must be prayed during the term at which the judg-
ment is rendered, and shall be granted if the record is lodged in.
the clerk's office of the court of appeals within sixty days after
the judgment.

C. J. PRATT, ATTORNEY GENERAL, AND D. A. GLENN, FOR COMMON-
WEALTH.

GEORGE WASHINGTON AND JOE L. ELLISON, FOR DEFENDANT.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM, GRANTING
WRIT.

The Bavarian and other brewing companies were in-
dicted by the grand jury of Kenton county for a violation
of section 3915 of the Kentucky Statutes, which is a sec-
tion of the act of May 20, 1890, prohibiting combinations
by corporations, partnerships, individuals, or persons, or
associations of persons, for the purpose of regulating, con-
trolling, or fixing the price of any merchandise, manufac-
tured article, or property of any kind.   Section 3917 pre-
scribed a fine of not less than $500 nor more than $5,000
for the violation of the preceding section.   A trial of the
defendants under the indictment on the 8th of, October,
1902, resulted in a verdict for the defendants, which was
rendered under a peremptory instruction from the court.
On the following day the Commonwealth's attorney for

that· district filed grounds and entered a motion for new
trial. At ·the sitting of the court on October 29, 1902,
the motion was continued by consent.  On October 20,
1902, the motion was again continued for two weeks, but
the record does not show at whose instance.  On ·Novem-
ber 4th the motion was again continued for two weeks.
On November 24, 1902, the motion. for a new trial was
set for oral argument on December 8, 1902.  On
December 8, 1902, the defendants moved the court
to strike the motion ·and grounds for a new trial
from the file, and the argument on the motion for
a new·. trial was continued until December 15th. On
December 22d both motions were submitted, and on De-
cember 26th the trial court overruled the motion of the
Commonwealth for a new trial, to which the plaintiff ex-
cepted, and asked the court to grant it an appeal to the
court of appeals. Defendants objected to this, and the
court took time.  On December 30th the Commonwealth's
attorney moved the court to dispose of his motion for an
appeal, which was first made on. December 8, 1902, and
this. motion was finally submitted on January 12, 1903.
At a, sitting of the court on January 21, 1903, the motion
of the Commonwealth for an appeal to the court of ap-.
peals was overruled, and the appeal refused, to which the
Commonwealth excepted.  On the 28th of January, 1903,
the Commonwealth of Kentucky, by C. J. Pratt, attorney
general, appeared in this court, and filed a certified tran-
script of the orders of the court below, and asked that a
writ ·of mandamus should issue against the Honorable
James P. Tarvin, judge. of the Kenton circuit court, re-
quiring him to grant an appeal from the judgment of the
Kenton circuit court overruling the motion, to which the
Honorable James P. Tarvin, as judge of the Kenton cir-

cuit court, filed a response, in which he says, in substance,
that he had reached the conclusion that the Commonwealth
was not entitled to file a motion for a new trial in the
case, and that he, as judge of the Kenton circuit court,
had no jurisdiction to pass on same, and that more than
sixty days having elapsed since the rendition of the judg-
ment on October 8, 1902, before the Commonwealth moved
for an appeal, its motion came too late, and was conse-
quently overruled.

By section 347 of the Criminal Code, the court of ap-
peals is given appellate jurisdiction of penal actions and
prosecutions for misdemeanors, if the judgment be for
the defendant, in cases in which a fine exceeding $50
might have been inflicted.    Section 348 provides:    "The
appeal must be prayed during the term at which the judg-
ment is rendered, and shall be granted upon the condi-
tion that the record be lodged in the clerk's office of the
court of appeals within sixty days after the judgment."
Section 350.   When the Commonwealth attorney prays an
appeal, the clerk shall forthwith make and certify a com-
plete transcript of the record and transmit the same to
the attorney general, or deliver it to the Commonwealth's
attorney for that purpose.    And if the attorney general
on inspecting the same believe it proper to take the ap-
peal, he shall do so by filing the transcript in the clerk's
office of the court of appeals in sixty days after judg-
ment."   There has been no change in these provisions
of the Code since it took effect, on the 1st of July, 1854.
In Commonwealth v. Adams, 55 Ky., 338, which was de-
cided in 1855, this court construed these sections of the
Code, and held, first, that appeals from judgment of cir-
cuit courts in misdemeanor cases must be taken at the
term at which the judgment was rendered, and the rec-

ord filed in the clerk's office of the court of appeals within sixty days after judgment.    In Commonwealth v. Mc-Cready, 59 Ky., 377, the ruling in the Adams Case was adhered to.    But it appears that in that case, after judgment was rendered and the motion for a new trial had been overruled, time was given, by consent of parties, until the first day of the next term to file a bill of exceptions. And it was held to be still incumbent upon the appellee to file the record within sixty days after the judgment.    In the case of The Louisville Chemical Works v. Commonwealth, 71 Ky., 179, it was held that a motion for a new trial suspended the judgment, and that no appeal could be prosecuted until after the motion for a new trial had been disposed of.    The court, through Judge Pryor, said: "No appeal can be taken by either party (plaintiff or defendant) to this court from the judgment of an inferior court, in a case like this, without first making a motion for a new trial in the court where the error complained of occurred.    Upon the hearing of the motion, if overruled, the party complaining files his bill of evidence, and is then in a condition to bring his case to this court, and not before.    If either party should bring the case here upon the judgment alone, with the motion for a new trial pending in the lower court, or without having made such motion, the dismissal of the appeal would be the inevitable result.    If appellants had appealed from the judgment in this case at the time it was entered, viz., at the November term, and filed their record in this court, with the motion for a new trial pending in the lower court, and continued over until December term, we are at a loss to perceive how this court could take jurisdiction and try the appeal.    There is no judgment, in fact, upon the verdict of a jury, until the motion for a

new trial, if made in proper time, is disposed of. This motion suspends the judgment, and it has no more effect than the verdict of the jury until the application for a new trial is overruled. Any other construction of the law would deprive the parties of the right to an appeal in all cases where the court, for prudential reasons, or otherwise, saw proper to continue the motion from one term to another,—a right that the court can exercise, and over which neither the counsel nor his client has any control." It seems to follow from these provisions of the Code, and from the construction given them in the case quoted, that a motion for new trial was necessary, to enable this court to correct errors growing out of the evidence or instructions given to the jury in the court below. This court has uniformly held that a motion for a new trial suspends the judgment in a civil case, and may be continued and passed on at a subsequent term. See Louisville Rock Lime Co. v. Kerr, 78 Ky., 12; Harper v. Harper, 10 Bush, 447; Turner v. Johnson (18 R., 202) 35 S. W., 923; and Trapp, etc., v. Aldrich (23 R., 2430), 67 S. W., 834.

We are therefore of the opinion that the motion for a new trial had the effect to suspend the judgment until it was finally overruled, or, in other words, that the judgment only became final when the motion for a new trial was finally overruled, and that, under section 348 of the Criminal Code, it was the duty of the defendant to have granted the appeal prayed; and he is directed to conform his rulings in this matter to the views herein expressed, and order will go as prayed.