## Commonwealth v. Cessna, et al.

(Decided September 22, 1910.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Appeals—Absence of Record—No Motion for New Trial—No Bill of Exceptions—Dismissal.—Where the record shows that no appeal was taken or prayed in the lower court from the decision of the trial court during the term or at any time, and no record filed in the clerk's office of the Appellate Court within sixty days after the decision in the lower court was rendered, no motion for a new trial made, nor any bill of exceptions filed or any transcript of the evidence tendered or filed in court or attested by the trial judge, there is nothing to appeal from, and the appeal should be dismissed.

JOSEPH HUFFAKER, ALFRED SELLIGMAN and JAMES BREATHITT, Attorney General, for appellants.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Appeal dismissed.

Tyler, Cessna and Shacklett, the latter two being practicing physicians, were indicted for the offense of unlawfully and corruptly conspiring, confederating and banding together with themselves and others to cheat and defraud other persons and corporations of money and property.

After the indictment against Tyler had been dismissed on motion of the attorney for the Commonwealth, a trial was entered into against Cessna and Shacklett. At the conclusion of the evidence for the Commonwealth the trial judge instructed the jury to return a verdict for the defendants, and in pursuance of this direction they were found not guilty and a judgment entered discharging them. The verdict of acquittal was directed upon the ground that the evidence on behalf of the Commonwealth was not sufficient to authorize a submission of the case to the jury.

It is not intimated in brief for the Commonwealth that the trial court committed any error of law, nor is it suggested that the record presents any legal question that should be settled. Indeed, all that the court is asked by counsel for the Commonwealth in their brief

to do is "to read this record and give an expression of its opinion as to whether or not it should have been submitted to the jury." In view of the fact that the verdict of acquittal is a bar to any further prosecution of the defendants on account of the charges contained in the indictment, and the further fact that the record does not present any legal question that the administration of the criminal law makes it important or advisable should be settled, we do not think it necessary to express any opinion as to the correctness of the ruling of the trial court in taking the case from the jury. The duty and right of the trial court in respect to giving a peremptory instruction in a criminal case has been definitely settled in many opinions of this court. Commonwealth v. Murphy, 109 S. W., 353.

But, aside from this, section 337 of the Criminal Code provides that:

"If an appeal on behalf of the Commonwealth be desired, the Commonwealth's attorney shall pray the appeal during the term at which the decision is rendered, * * * If the Attorney General, on inspecting the record, be satisfied that error has been committed to the prejudice of the Commonwealth, upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide, he may, by lodging the transcript in the clerk's office of the Court of Appeals, within sixty days after the decision, take the appeal."

Substantially the same provision may be found in section 350 of the Criminal Code. In construing these sections it has been often held that this court has no jurisdiction of an appeal on behalf of the Commonwealth unless the appeal is prayed in the lower court during the term and the record filed in the clerk's office of this court within sixty days after the decision complained of was rendered. Com. v. Fryman, 17 Ky. Law Rep., 400; Com. v. Barbour, 29 Ky. Law Rep., 622.

This record shows that no appeal was taken or prayed in the lower court from the decision of the trial judge during the term or at any time. Nor was the record filed in the clerk's office of this court within sixty days after the decision attempted to be appealed from was rendered. No motion for a new trial was made as is required in a case like this. Com. v. Tarvin, Judge, 114 Ky., 877. Nor is there any bill of exceptions in the

record, or any transcript of the evidence that was tendered or filed in court or attested by the trial judge in the manner provided by law or at all.

Tho appeal is dismissed.