## Rogers v. Commonwealth.

(Decided September 14, 1920.)

Appeal from Madison Circuit Court.

1. Criminal Law—Defective Indictment—Appeal and Error.—Where, neither by demurrer nor otherwise, was objection made by the defendant to an indictment in the trial court, he will not on appeal, following his conviction thereunder, be heard to complain of any defect therein; it being a well recognized rule of practice in this jurisdiction that an objection to the sufficiency of an indictment made for the first time in the Court of Appeals will not be entertained by that court.

2. Criminal Law—Peremptory Instruction.—The failure of the trial court to give a peremptory instruction directing the jury to acquit the defendant, will not, on appeal, be held reversible error, where there was any evidence conducing to prove his guilt.

3. Criminal Law—Submission to Jury.—While the evidence in this case was conflicting and, in some measure, circumstantial, as it was sufficient to authorize the submission of the case to the jury and the verdict cannot be said to be flagrantly against the evidence, the judgment of conviction entered thereon can but be affirmed.

E. S. WIGGINS for appellant.

BEN A. CRUTCHER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant was tried in the court below under an indictment charging him with the crime of grand larceny, the subject of the larceny being eight chickens, the property of Sherman Collins, of greater value than $2.00. The trial resulted in a verdict finding appellant guilty and fixing his punishment at confinemnet in the penitentiary for the period of two years. He was refused a new trial and has appealed.

He complains: (1) That the indictment is fatally defective in failing to specify the number of chickens

stolen and the value of each; (2) of the refusal of the trial court to grant him a continuance; (3) its refusal to peremptorily direct his acquittal by the jury; (4) that the verdict was and is contrary to the evidence. The ground first mentioned cannot be considered on appeal, as neither by demurrer nor otherwise was the indictment objected to by appellant in the court below, and no complaint of any ruling of that court on the indictment was made in the appellant's motion and grounds for a new trial filed in that court. We have time and again held that an objection to the sufficiency of an indictment made for the first time in this court will not be entertained. Cheek v. Comlth., 162 Ky. 56; Baldridge v. Comlth, 28 R. 33. Appellant's second ground of complaint must meet the fate of the first, because the refusal of the trial court to grant him a continuance of the prosecution was not made a ground for the new trial moved for by him in that court. In view, however, of the zeal with which his counsel presses this ruling of the trial court as a ground for the reversal of the judgment appealed from, we deem it not improper to say that appellant's affidavit for the continuance asked of the trial court, did not entitle him to same. While sufficiently definite in its statement of the facts to which it claimed the absent witness, if present, would testify, it wholly failed to state that such facts were or are true, or believed by him (the affiant) to be true. The affidavit was clearly insufficient, therefore, the refusal of the continuance was not error. Armstrong v. Comlth., 177 Ky. 690.

The third and fourth grounds urged by appellant for reversal will be considered together; for, obviously, if as claimed in the fourth ground the verdict is not supported by the evidence, the peremptory instruction should have been given.

Consideration of the evidence found in the record convinces us of the unsoundness of these contentions. According to the testimony of Sherman Collins eight chickens, six "dominecks" and two brown ones, worth $1.00 each, were stolen from his premises on the night of February 9, 1920. A day or two later he discovered and identified the six dominecks in the possession of J. W. Stephens, who had them in his store in Berea for sale. Stephens testified that the six chickens were purchased by him of Eliza Houndshell, who testified that she purchased them of appellant February 10 and on

the same day sold them to Stephens. Lizzie Nuckols, the mother of Eliza Houndshell, testified that the chickens were brought to her home by appellant early on the morning of the 10th and there sold by him to Eliza. In this she and Eliza were corroborated by her eleven year old son, Henry Nuckols, who testified that he spent the night of the 9th at his mother's and that when he awoke on the morning of the 10th appellant was there with the six domineck chickens which he sold Eliza Houndshell. He further testified that in looking for his breakfast he discovered the bones of at least two recently cooked chickens in a pot, and it is insisted for the Commonwealth that the cooked chickens were the two brown ones stolen from Collins and that they had been cooked and eaten for breakfast by appellant and Molly Nuckols, another daughter of Lizzie, with whom appellant was illicitly intimate. This, however, is but a mere argument based on conjecture and deduction, rather than proof. Molly Nuckols was not introduced as a witness.

It is patent that the testimony of the several witnesses referred to shows the appellant to have been in possession of six of the eight chickens stolen from Collins and their sale by him, and this evidence shifted to his shoulders the burden of showing his innocence of the theft. In giving his testimony he denied the theft and claimed to have bought the chickens of Henry Nuckols. He also denied that they were sold by him to Eliza Houndshell and said he left them with Lizzie Nuckols as security for board he was owing her. His father, testifying in his behalf, said Henry Nuckols, after appellants arrest, confessed to him (the witness) that he had stolen the chickens. But this Henry, in rebuttal, stoutly denied. In addition to the witnesses named others introduced for appellant testified, impeaching the reputations of the Nuckols family and sustaining that of appellant to the extent of declaring that they had heard nothing damaging to his character, except his illicit relations with Molly Nuckols. It will thus be seen that, while very conflicting, the evidence was abundantly sufficient to require the submission of the case to the jury, whose province it was to weigh the evidence and arrive at the truth. It was clearly their right to believe the evidence of the Commonwealth's witnesses and disbelieve that of the appellant's witnesses, as they seem to have done by the verdict arrived at. Obviously, no rea-

son is apparent for sustaining appellant's complaint that the verdict is contrary to or flagrantly against the evidence, and, this being true, the refusal of the court to peremptorily direct a verdict of acquittal was not error.

The instructions correctly gave the jury the whole law of the case and the record disclosing no prejudicial error, the judgment is affirmed.