# Commonwealth, on Relation, etc. v. Gresham, County Judge.

(Decided March 23, 1923.)

## Petition for Writ of Prohibition.

1. Criminal Law—Term Does not Begin Until Final Judgment and not Pending Motion for New Trial.—The term of a convict cannot begin before rendition of a final judgment, and the judgment is not final while motion for new trial is pending.
2. Prohibition—Supreme Court will Prevent Unlawful Discharge of Prisoner on Habeas Corpus.—Under Constitution, section 110, the Court of Appeals has power to, and will, restrain the county judge by writ of prohibition from proceeding to discharge a prisoner from the state penitentiary under a writ of habeas corpus without authority and in violation of law.

CHAS. I. DAWSON, Attorney General, for plaintiff.

OPINION OF THE COURT BY JUDGE MOORMAN—Granting writ of prohibition.

The Commonwealth of Kentucky has filed its petition and made a motion in this court for a writ prohibiting C. J. Gresham, county judge of Lyon county, from proceeding under a writ of *habeas corpus* to discharge Silas Williams from the State penitentiary at Eddyville. The respondent has filed answer, in which he claims the right to issue the writ and discharge the prisoner.

On June 20, 1921, a jury in the Jefferson circuit court found Silas Williams guilty of a penal offense charged in an indictment pending against him, and fixed his punishment at confinement in the penitentiary for two years. Judgment was rendered on this verdict, but in due time Williams, by counsel, filed motion and grounds for a new trial, and asked an extension of time of one week within which to file affidavits. On November 9, 1921, the motion for a new trial was overruled, and it was ordered that defendant be taken to the penitentiary and there confined at hard labor for a period of two years. Williams has not been penalized since he has been in the institution and, under the rules of the State Board of Charities and Corrections, is entitled to a credit on the period of confinement that reduces it to one year, seven months, and ten days. It is said in the statement filed by respondent that this period, "added to June 20, 1921, the day he was sentenced, made his time expire on the 30th

day of January, 1923." The statement is incorrect, for it clearly appears from the orders of the Jefferson circuit court filed with the petition that Williams was not sentenced, as stated by respondent, on June 20, 1921. He was found guilty by the jury and a judgment of conviction rendered on that day. But the sentence was not pronounced against him by the court until the 9th day of November, 1921, the day on which his motion for a new trial was overruled.

. In justification of his action, respondent relies on an excerpt from the opinion rendered by this court in granting a writ of prohibition against him on October 10, 1922, reported in 196 Ky., page 27, which reads: "That the term of a convict begins in the penitentiary not earlier, at least, than the rendition of the judgment is apparent, when it is considered that a valid final judgment is the only authority for the imprisonment in the penitentiary, as there is no other means of getting one in the penitentiary, except to arm the sheriff with a certified copy of the judgment, and no other warrant or authority is necessary." This language affords no conceivable ground for respondent's contention. The construction most favorable to him is that in no event will the term of the convict begin before the rendition of the judgment, and certainly not with its rendition if the judgment be not a valid and final judgment. However, the opinion does not hold that it begins with the effective date of a final judgment, for it was decided in that case that the service began contemporaneously with the confinement, although it was said that the court ought not to postpone the rendering of judgment for an unreasonable time. But aside from that question, there can be no equivocation as to what is a valid and final judgment in a case of this kind, for the question was decided by this court in Louisville Chemical Works v. Commonwealth, 8 Bush 179, where Chief Justice Pryor, writing the opinion, said: "There is no judgment in fact upon the verdict of a jury until the motion for a new trial, if made in proper time, is disposed of. This motion suspends the judgment, and it has no more effect than the verdict of the jury until the application for a new trial is overruled." The same rule was announced in Commonwealth v. Tarvin, 114 Ky. 877, and in Gordon v. Commonwealth, 136 Ky. 508.

It is difficult to understand how there could be any misapplication of these rules to the facts admitted in

respondent's answer. If respondent should proceed to hear the writ and act in the manner indicated in his answer, he would annul and set aside the judgment of a circuit court, and would defy the law as announced by this court in decisions that are unmistakable in their meaning. This court has power to enforce its decisions, and under section 110 of the Constitution may and will issue such writs as may be necessary to restrain inferior courts from acting without the semblance of authority and in plain violation of the law.

The temporary writ of prohibition hereinbefore issued is made permanent, and respondent is enjoined from proceeding any further under the writ of *habeas corpus,* or from interfering with the custody of the prisoner.