## Montgomery v. Commonwealth.

(Decided Jan. 12, 1937.)

EDWARD L. MORGAN for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Ned Montgomery, was tried and convicted under an indictment charging him and Cecil Crider with the crime of forcibly breaking and entering into a railroad depot with intent to steal property therefrom, an offense denounced by section 1163 of the Kentucky Statutes, and his punishment was fixed at imprisonment for a term of 10 years. He seeks a reversal of the judgment on the grounds that the trial court erred in overruling his motion for a directed verdict of acquittal, and in giving instructions to the jury. It is his theory that there was no evidence to authorize submission of the case to the jury on the charge contained in the indictment.

The evidence appears in a bystander's bill of exceptions, and is in brief narrative form. J. L. Givens, an employee of the Louisville & Nashville Railroad Company, testified that, after the railroad depot at Harlan, Ky., had been broken into, he made an investigation and found a quantity of cigarettes in the possession of Ned Montgomery which had been stolen from the depot. Montgomery told the witness that he and Crider found a case of cigarettes under the Beck Electric Company building in Harlan; that they broke open the case and took therefrom 24 cartoons of cigarettes, and then carried the case further back under the building and concealed it. The case containing the remain-

der of the stolen cigarettes was found at the place pointed out to the witness by the appellant. The testimony of Wash Irvin and C. D. Strong, two witnesses introduced by the Commonwealth, was substantially to the same effect. The substance of appellant's testimony, as it appears in the bill of exceptions, was:

"That on the night that the depot was robbed, he in company with a boy named Cecil Crider had come to Harlan to attend the carnival and that after the carnival was over they were unable to get home and spent the night in a box car in which there were some other persons, that during the night they got cold and that they got up to shut the door to the box car and while doing this they observed a light under or near the Beck Electric Company building and saw the bulk of a man in the darkness; that the next morning they went over there and found the cigarettes in question which had been taken by someone from the depot as a result of the robbery; that the defendant took a portion of these cigarettes and was later arrested by J. L. Givens and Wash Irvin and after they were arrested, they came in company with the officers and pointed out to them where the balance of the cigarettes were."

Cecil Crider's testimony was substantially the same as appellant's and each denied that he broke into the railroad depot.

Where the Commonwealth, under an indictment for larceny, proves that the stolen property was in the possession of the accused shortly after the theft, the burden is cast upon him of showing his innocence by explaining his possession to the satisfaction of the jury. Possession of the stolen property raises a presumption of guilt, and, unless satisfactorily explained, is sufficient to sustain conviction. Rogers v. Com., 188 Ky. 817, 224 S. W. 348; Davis v. Com., 191 Ky. 242, 229 S. W. 1029; Davidson v. Com., 219 Ky. 251, 292 S. W. 754, 755; Phelps v. Com., 255 Ky. 655, 75 S. W. (2d) 217; Jacobs v. Com., 260 Ky. 142, 84 S. W. (2d) 1. In the Davidson Case it was said:

"No witness testified to having seen Davidson take or carry away the wire, and the first ground for reversal is that it is insufficient to support a judgment of conviction. There is, however, com-

plete identification of the wire found in appellant's possession, and convincing evidence that the same was stolen by some one from Sledge. Under such circumstances it is incumbent upon the one in whose possession the stolen property has been found to explain that he had come by the possession of the property innocently, and, if his explanation is not satisfactory or disbelieved by the jury, the fact of such possession not only justifies the submission of the case to the jury, but is sufficient to uphold a verdict of guilty.''

So in this case it was shown that the railroad depot had been broken into and certain property stolen therefrom, and there was complete identification of the stolen property found in appellant's possession. He relates an improbable story in an effort to explain his possession of the property, and it was for the jury to determine whether or not his story was true. They rejected his explanation of his possession of the property, and our conclusion is that they were fully justified in doing so. It follows that the trial court did not err in overruling appellant's motion for a directed verdict of acquittal.

Appellant complains because an instruction on grand larceny was not given. The offense of larceny is not a lesser degree of the offense defined in section 1163 of the Statutes, and such an instruction, therefore, was not authorized. Young v. Com., 245 Ky. 117, 53 S. W. (2d) 206; Thomas v. Com., 150 Ky. 374, 150 S. W. 376. Furthermore, error in giving or failing to give instructions was not made a ground for a new trial in the lower court. A defendant in a criminal case is not required to offer instructions or to object to instructions given, but his right to a review of errors in the instructions must be preserved by the motion for a new trial. Barton v. Com., 238 Ky. 356, 38 S. W. (2d) 218; Thomas v. Com., 146 Ky. 790, 143 S. W. 409.

The judgment is affirmed.