**Frank ADKINS et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1958.

Garrison & Myre, Paducah, for appellants.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Frank Adkins and his wife, Sue Adkins, were tried jointly and convicted of maliciously cutting and striking Robert Hendrickson. KRS 435.170(2). Adkins was sentenced to confinement for two years and one day, his wife for two years. Reversal of the judgment is sought because: (1) Frank Adkins was required to answer as to whether he had ever been convicted of a felony; (2) the self-defense instruction was improperly qualified; and (3) it was error to permit the jury to view the scene of the offense in the absence of the appellants.

On cross-examination, Frank Adkins was asked and over objection was required to answer as to whether he had ever been convicted of a felony. In substance, his answer disclosed that he had been convicted of a felony in McCracken Circuit Court and that he had filed a motion for a new trial, which motion was still pending. Appellants contend that the filing of the motion for a new trial suspends the judgment of conviction and that the conviction does not become final as long as steps in an appeal are being taken. Appellee argues that the motion for a new trial is not conclusive of an intention to appeal but may have been made for the purpose of delay or without any sincere purpose. Frank Adkins stated that he would take an appeal if the motion should be overruled.

■■ The filing of a motion and grounds for a new trial is an essential step in the appeal of a criminal action. Commonwealth v. Tarvin, 114 Ky. 877, 72 S.W. 13, 24 Ky.Law Rep. 1663. It sets out the bases upon which an accused seeks reversal of the judgment of conviction. Criminal Code of Practice, Section 27. The reviewing court will not consider errors committed in the trial unless they are set out in the motion for a new trial, Phil-

pot v. Commonwealth, Ky., 247 S.W.2d 499, and unless the motion has been passed on by the trial court. Until the motion is disposed of, it suspends the judgment. An appeal cannot be prosecuted while the motion is pending. Louisville Chemical Works v. Commonwealth, 8 Bush 179, 71 Ky. 179; Commonwealth v. Tarvin, 114 Ky. 877, 72 S.W. 13, 24 Ky.Law Rep. 1663.

■■ It is prejudicial error to require a witness to testify that he has been convicted of a felony, pending an appeal of the conviction. Civil Code, Section 597, now CR 43.07, authorizing such impeachment, referring to judgment of conviction, means a final judgment. Foure v. Commonwealth, 214 Ky. 620, 283 S.W. 958; Neal v. Commonwealth, 221 Ky. 239, 298 S.W. 704; City of Pineville v. Collett, 294 Ky. 853, 172 S.W.2d 640. Inasmuch as Frank Adkins testified in behalf of his wife also, the error likewise was prejudicial as to her.

■ The usual self-defense instruction was given but was qualified by an instruction that if the jury believed Frank Adkins to be the aggressor in the difficulty then the right of self-defense was not available. Appellants insist that the proof does not show that they were aggressors. Without detailing the evidence, the testimony of the accuser, Robert Hendrickson, shows that appellants were aggressors. Inasmuch as the evidence was in conflict on this issue, the self-defense instruction was properly qualified by the aggressor instruction. Stanley's Instructions to Juries, Volume 3, Section 897, and cases cited therein; Begley v. Commonwealth, 263 Ky. 824, 94 S.W. 2d 4; Quisenberry v. Commonwealth, 299 Ky. 390, 185 S.W.2d 669. Should the evidence on a subsequent trial be the same in substance as on the first trial, the self-defense instruction should again be qualified.

The third ground urged for reversal may not arise on the next trial and it is not now considered.

Judgment is reversed, with directions to grant a new trial.