**James A. GRAYSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 2, 1962.

William P. Runnels, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., for appellee.

BIRD, Judge.

James A. Grayson was tried and convicted on a charge of robbery. His punishment was fixed at eight years' imprisonment in the penitentiary. He appeals.

On trial Grayson claimed that he was "blacked out" and unconscious and if he robbed a bus driver as charged in the indictment he was unaware of it.

On appeal he has only one complaint. He contends that the trial judge erred in not giving the whole law of the case insomuch as he failed and refused to give an instruction on his "blackout" theory.

In his motion for new trial the defendant said: "The court misinstructed the jury." No further mention is made of the instructions.

In Adkins v. Commonwealth, Ky., 309 S.W.2d 165, this Court said:

"The filing of a motion and grounds for a new trial is an essential step in the appeal of a criminal action. Commonwealth v. Tarvin, 114 Ky. 877, 72 S.W. 13, 24 Ky.Law Rep. 1663. It sets out the bases upon which an accused seeks reversal of the judgment of conviction. Criminal Code of Practice, Section 27. The reviewing court will not consider errors committed in the trial unless they are set out in the motion for a new trial, Philpot v. Commonwealth, Ky., 247 S.W.2d 499, and unless the motion has been passed on by the trial court."

In Manning v. Commonwealth, 281 Ky. 453, 136 S.W.2d 28, we also said:

"Errors in the instructions must be pointed out in the grounds for a new trial in order to preserve the defendant's right to their review upon appeal. Fields v. Commonwealth, 277 Ky. 796, 127 S.W.2d 839; Montgom-

ery v. Commonwealth, 266 Ky. 795, 100 S.W.2d 818; Jones v. Commonwealth, 238 Ky. 453, 38 S.W.2d 251; Hunt v. Commonwealth, 235 Ky. 594, 31 S.W.2d 940. Section 271 of the Criminal Code specifies 'error in instructions' as one of the grounds authorizing the granting of a new trial, section 274 requires the grounds relied upon to be specified in writing, and section 273 limits the time for filing the motion and grounds for a new trial. The remedy afforded by these sections of the Criminal Code is exclusive, and, unless they are complied with, errors required to be stated in the grounds for a new trial cannot be considered on appeal. Wellington v. Commonwealth, 159 Ky. 462, 167 S.W. 427."

To simply say that the trial court "misinstructed the jury" does not point out the error as required by the foregoing authorities. Failure to give an instruction on the "blackout" theory should have been specifically pointed out to the court. The trial judge would then have had an opportunity to study the matter and determine whether or not there was error. The question was not properly presented in the motion for new trial and we therefore decline to consider it on appeal.

The judgment is affirmed.