Judge Underwood
delivered the Opinion of the Court.
The attorney.for Shelby county notified'Welch, that a motion would be-made, in the name of the commonwealth, agaihst Mm, -for"theire!mvery of the fine imposed by the act of December'2<?nd, 1831, for keeping a tavern, without complying with its provisions.
The ninth section of - the. act to''amend the laws concerning tavern keepers, approved February 24th, 1834, repeals all laws which require the keeper of a tavern, “ not within any town or city, nor within one half mile thereof, and who shall not retail spirituous 'liquors, to obtain and pay for license.”
By the facts agreed, it' appears, that Welch did not retail spiritous liquors. Fie therefore, was not subject to pay a fine for keeping tavern without license, according to the provisions of the act of 1834, unless his tavern was within a town or city, or within a half mile thereof.
The facts agreed do not shew how far Welch’s tavern was from the nighest town or city, and hence he may, or may not, be subject to the fine imposed by the act of 1831. As it was the duty of the commonwealth to make out her case by proof, and to shew that Welch had violated the law, the burden of proof devolved on her, to give the distance of the tavern from the nighest town. As she failed in this particular, the circuit court properly decided against her, unless the case should be disposed of under the act of 1831, without respect to the partial repeal effected by the act of 1834.
The motion was made in March, 1833; and if the circuit court had enforced the law as it then stoo(l, *331 Welch being the keeper of a tavern, according to the case of The Commonwealth vs. Shortridge, 3 J. J. Marshall, 640, judgment would have been rendered against him for the finé. Can a subsequent repeal, or modification, of a penal statute exonerate offenders from the payment of fines incurred under the statute repealed or modified, when half the penalty is given to the person suing for it ? Had the attorney in this case, such a vested right in the fine imposed by the act of 1831, as to place it beyond the control of the legislature, so that the act of 1834 cannot operate retrospectively ? .
where a penal fit<*lte §‘ves recovered,” or PMt0Í ¡t> prosecutor, his title to it de/P®n¿IsuPon the which, he has “hat^wlU vent a repeal of offender.
That the legislature may, at any time, exonerate the citizen from the payment of a fine to the commonwealth, by repealing the statute under which it is imposed, where the rights of. individuals are not prejudiced, cannot be doubted. The repeal of the penal statute would leave the judiciary without authority to render judgment. There must be law to sustain the judgment, at the time it is rendered. By repealing the statute which inflicts the penalty, the commonwealth virtually declares its will not to punish under that statute. The commonwealth, by her legislature, may define, and prescribe punishments for public wrongs. By repealing the statute which defines the offence and denounces the punishment, the prescribed rule is abrogated, and the citizen' stands before the judicial tribunals as though no such rule had ever been made. At least, such is his attitude in reference to prosecutions against him by the commonwealth.
If,«however, it be conceded, that individual, rights vested by a statute cannot be effected by its subsequent repeal; still, in this case, the question is, whether the attorney who instituted the motion, has thereby acquired such an*mdividual right, as1 places it beyond the power of the legislature. The act of 1831, makes it the official duty of the county attorneys to prosecute ail persons violating the act, and gives u half the amount recovered,” by way of compensation. The attorney incurs no risk ; he is not made liable for costs; and there is no language vesting an interest before the recovery is actually had.— Until judgment rendered, we perceive no vested inter *332 est in the attorney. Hence there is nothing which prevents the legislature from'controlling the whole matter as it pleases; and which has been done, so far as to,discharge all offenders against the act of 1831, whose taverns are not in a city or town, or within a half mile thereof, and who do not retail spirituous liquors. The.act of 1834, therefore, has its appropriate effect.
Judgment affirmed.