CASE 46—INDICTMENT—SEPTEMBER 20.

# Braswell vs. Commonwealth.

**APPEAL FROM LYON CIRCUIT COURT.**

1. Any person who shall obtain a license therefor, shall be deemed a tavern-keeper. (*Revised Statutes, section* 1, *article* 1, *chapter* 99, 2 *Stanton*, 404.)

2. None are taverns under the Revised Statutes but licensed houses.

3. None but licensed houses may retail spirits.

4. The keeper of a house of entertainment is not required to obtain a license by the Revised Statutes, and no penalty is denounced against him, unless liquor is retailed therein.

5. The keeper of a tavern or a house of public or private entertainment, unless liquor is retailed therein, is not liable, under the Revised Statutes, to be indicted and fined "for keeping a tavern without having procured and obtained a license to keep said tavern."

A. J. JAMES and
DANIEL JAMES,                  For Appellant,
CITED—
*Revised Statutes, sec.* 1, *article* 1; *sec.* 2, *art.* 3; *sec.* 1, *art.* 4, *chap.* 99.

JOHN RODMAN, Attorney General,          For Appellee.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant was indicted and found guilty of keeping a "tavern without having procured and obtained a license to keep said tavern."

The evidence showed he kept, in the town of Eddyville, a house of public entertainment, at which he entertained all those travelers and transient guests who might call on him; but that he kept no liquor, nor sold

or retailed ardent spirits, and that he had obtained no license therefor.

The only question is as to the charge and committing a public offense.

It is enacted by section 1, article 1, chapter 99, 2 Stanton's Revised Statutes, 404, "that any person who shall obtain a license therefor, shall be deemed a tavern-keeper."

By section 2, article 3, same chapter, it is enacted, that "any person not a tavern-keeper, who shall furnish, for compensation, lodging or diet to travelers, or to one boarding in his house, or provender in his stable, or on his land, for horses or mules, shall be deemed the keeper of a house of private entertainment."

By article 4 of same chapter a penalty is denounced against any person who shall sell, in any quantity, wine or spirituous liquors, to be drank in any house, or on or adjacent to the premises where sold, without having obtained a license therefor.

The license to keep a tavern authorizes the sale, in any quantity, of ardent spirits in said house, to be drank therein; but there seems now to be no statute denouncing a penalty against the keeper of a house of entertainment, unless liquor is retailed therein.

By section 2, statute of 1793 (*title* 171), regulating "taverns and tippling-houses" (2 *Morehead & Brown's Statutes*, 1497), "every person intending to keep a tavern, or *house of entertainment*," was required to obtain a license, and this without regard to the retailing of ardent spirits. This enactment was so far modified by section 9, statute of 1834 (*same book*, 1504), as to only require such license when ardent spirits were to be retailed, for the keeping of a tavern in any town or city, or within a half mile thereof.

It was held by this court, in *Commonwealth vs. Welch* (2 *Dana*, 330), that where the State sought a recovery for keeping a tavern without license, when no liquor was sold, it must be averred and shown that such tavern was kept in a town or city, or within one half mile thereof.

The Revised Statutes, unlike the statute of 1793, does not require a license to keep a "*house of entertainment;*" and section 2 of article 3, chapter 99, incorporated a new provision, taken from the Virginia Revision. None are taverns under our Revised Statutes but licensed houses, whether within or without towns and cities, but are houses of entertainment; however, only licensed houses may retail spirits.

It is now essential to aver and prove that a tavern, at which ardent spirits were retailed, was kept without obtaining a license therefor, to make out an offense under our present laws.

The indictment was defective, the proof insufficient, and the instructions erroneous; therefore, the motion for a new trial should have prevailed.

For these errors the judgment is reversed, with directions for further proceedings consistent herewith.