JUDGE HINES
delivered the opinion op the court..
On tbe 12th of June, 1878, an indictment was returned against appellee, charging that on the 1st day of July, 1868, while cashier of the Louisville Gas Company he embezzled $20,000 of the funds of that company.
To this indictment a demurrer was filed, and for the purposes of the demurrer, it was admitted of record that the offense, if any, was committed in the year 1868, and prior to the 1st of December of that year. From the judgment sustaining the demurrer, dismissing the indictment, and discharging appellee, an appeal was taken to this court.
This agreement, as to the time at which the alleged 'offense is charged to have been committed, appears to have been made in view of section 129 of Criminal Code, which is as follows:
*530 “ The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense.”
If there was no law in force, as concluded by the court below, under which appellee can be punished for the offense, if committed in 1868, time is a material ingredient, and the agreement was proper to enable the court to pass upon the questions discussed and decided, but not, in our opinion, necessary to a determination of the question considered. Without the agreement the court was authorized to assume, on demurrer, that the offense had been committed at the time charged in the indictment, although the Commonwealth would not have been confined, in the introduction of evidence on the trial, to the date alleged.
Subsection 5 of section 165 of the same Code reads, “If the indictment contain matter which is a legal defense or bar to the prosecution,” a demurrer is proper.
Section 169 is as follows: “ If the demurrer be sustained because the indictment contains matter which is a legal defense or bar to the indictment, the judgment shall be final, and the defendant shall he discharged from any further prosecution for the offense.”
Section 339 provides that “A judgment in favor of the defendant, which operates as a bar to a future prosecution for the offense, shall not be reversed by the Court of Appeals.”
Sections 335 and 337 authorize an appeal on behalf of the Commonwealth even when there can be no reversal, where it appears that it is important to the correct and uniform administration of the criminal law, that this court should pass upon the questions presented on the appeal.
But it is suggested by counsel for. appellee that as the demurrer was sustained because the indictment contains matter *531 that is a legal defense or bar to the proceedings, this court can not entertain jurisdiction for any purpose. He insists that the power to review, when the judgment of the court below can not be reversed, is restricted to cases in which the jury acquits on facts, or in which the judgment is not a bar to a future prosecution.
This view, we think, is erroneous. Sections 335 and 337, when construed together, appear to authorize this court to review any ruling of the court below in felony cases, whether it be final or not, and without reference to whether the judgment be upon a verdict of a jury or whether it be a bar to another prosecution for the same offense.
A novel question arises upon the construction of sections 169 and 339. When the court below assigns as a reason for sustaining the demurrer that the indictment contains matter which is a legal defense or bar, is that finding conclusive of the question, or must this court determine for itself whether the indictment is vicious for that or any other reason? If the inquiry can not be made here, the judgment of the court sustaining the demurrer becomes final, and the accused entitled to a discharge, not because the indictment contains matter which is “ a legal defense or bar,” but because it is so stated in the judgment. Such a construction — and we gather from brief of counsel it is insisted upon — would result in ousting this court of all jurisdiction in felony cases when the court below, from mistake of law or for other reasons, saw fit to assign as ground for sustaining a demurrer that the indictment contained matter which was a legal defense or a bar. It is the indictment and not the opinion of the court below that must determine whether the judgment on demurrer shall operate as a bar.
Holding this view, it is immaterial whether the position of counsel for appellee, as to the grounds upon which the judgment was based, be correct, or whether, as insisted by counsel *532 for appellant, the demurrer was sustained because the indictment “ fails to state an offense.” In any event inqxxiry must be made as to the sufficiency of the indictment, and the judgment affirmed or reversed, as may appear proper after such investigation.
It is contended by counsel for appellee, and so held in the able opinion of the court below, that the law in force against the offense, at the time it is charged to have been committed, had ceased to exist before the finding of the indictment.
The Louisville Gas and Water Company was chartered by an act of the legislature approved February 15, 1838, to continue for thirty years from the 1st day of January, 1839. The name of the company was subsequently changed to The Louisville Gas Company. Section 24 of the .original act provides that, if any officer of the company should be guilty of appropriating any of its funds to his own use, he should be punished by confinement in the jail and penitentiary not less than five nor more than twenty years.
On the 30th of January, 1867, an act was approved entitled “An act to extend the charter of the Louisville Gas Company,” “ to take effect at the expiration of the present charter, on the 1st day of January, 1869.” The fourteenth section of this act provides that any officer of the company who shall appropriate any of the funds of the company to his own use shall be punished by confinement in the jail and penitentiary for not less than two nor more than twenty years.
At the date of the passage of the act of 1838 there was no general law against embezzlement, but the Revised Statutes, adopted in 1852, provided a punishment for embezzlement, by officers of corporations, of moneys belonging to another, and by amendment of February 9, 1864, it was extended to embezzlement, by such an officer, of funds belonging to the ' company. For appellant it is contended that section 24 of the act of 1838 was repealed by the Revised Statutes.
*533 The second section of the act adopting the Revised Statutes provides that “all statutes of a general nature” shall stand repealed, and subsection 2 of that section exempts from the repealing clause “all statutes of mere local relation to any county, city, or town, or relating to the powers, privileges, or franchises of any corporation.”
If that portion of the act of 1838, fixing the penalty for embezzlement from the company, is not a “statute of a general nature,” it is expressly excepted out of the body of the laws repealed by the Revised Statutes. If, upon the other hand, it is a law of “a general nature,” but has relation “to the powers, privileges, or franchises of any corporation,” it is none the less expressly excepted from repeal.
It is a familiar rule of construction, both in England and America, that a statute can only be repealed by an express provision of a subsequent law, or by necessary implication. There must be such a positive repugnancy between the provisions of the statutes that they can not stand together or be consistently reconciled. This rule applies when both the statutes are of a general nature. But when one is local in its nature or application, or relates to particular places or persons, and the other is general, they will both be upheld, and construed as forming one consistent whole.
“A general statute without negative words will not be construed so as to repeal a previous statute which is particular or special, though the provisions in the two may differ.” (Rounds v. Wayman Borough, 81 Pa. St.)
“The general principle to be applied to acts of parliament is that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless the two acts are necessarily inconsistent.” (Thorpe v. Adams, Law Reports, 6 Com. Pleas, 125.) To the same effect is McRae v. Wessell, 6 Iredell (Law), 153; Nunes v. Wellisch, 12 Bush, 364; Mc *534 Farland v. State Bank, 4 Ark. 410; and Commonwealth v. Weller, 14 Bush, 218.
If not repealed by the Revised Statutes it is insisted that section 24 continues in force for the punishment of offenses committed under it:
First. Because that section forms no part of the act of incorporation, and is not limited in time as the life of the company is limited.
Second. Because the act of 1867 operates to continue the corporate existence of the company organized under the act of 1838.
It is insisted, under the first head, that the section prescribing a punishment for embezzlement from the company should be read as if not embraced in the act of incorporation, but as if enacted at another time. When thus construed it is said that it contains within itself no limitation of time, and must therefore be held to continue in existence so long as any offense, committed during the life of the company and interdicted by that section, remains unpunished. It will not be questioned that the legislature had power to prescribe a limit to its existence; to say that it should expire at the time to which the corporation was limited; or, that it should continue indefinitely. If that is true, it is a question simply of legislative intention. Relating exclusively to offenses by officers of the company, constituting serially one of the sections of the charter, by the first of which the duration of the corporation is prescribed, the inference is natural that section 24 was not intended to remain in force any longer than the other portions of the charter of which it was made a part. An intention to prolong its existence beyond the period of thirty years could easily have been expressed, as it doubtless would have been, if any such intention had been entertained.
Waiving further consideration of this point: Does the act *535 of 1867 continue the corporate existence of the company-organized under the act of 1838?
This act of incorporation appears to be complete' in itself. It is provided that it shall “ take effect on the expiration of the present charter on the first day of January, 1869.” There is no intimation in the body of the act of an attempt to continue in force any section of the act of 1838. On the contrary, provisions are made for the organization of an entirely new company, the powers, privileges, and franchises of which are to be found in the act of 1867, and not to any extent in the act of 1838. But conceding this to be true, so far as the body of the act of 1867 is concerned, counsel insist that the title of the act “ to extend the charter of the Louisville Gas Company ” alters the nature of the act, and confines it to the purpose expressed in the title, without reference to the body of the act. The title of an act should receive some consideration in its construction, but when the object expressed in the title comes in conflict with the provisions of the body of the act, the title must give way. The constitutional provision that an act shall relate to but one subject, and that shall be expressed in the title, does not establish a different rule. The intention of the legislature is at last to be looked for in the body of the act. The question is not whether the legislature did that which was unconstitutional, .but rather what was the intention of the legislature in what it did. In Hadden v. The Collector, 5 Wallace, 110, it is said, “At the present day the title constitutes a part of the act, but it is still considered only a formal part; it can not be used to extend or to restrain any positive provision contained in the body of the act.”
Unless the section referred to was repealed by the Revised Statutes, instead of expiring by its own terms, no right to punish for offenses committed under it was continued by section 23 of chapter 21 of the Revised Statutes. This provision of the statutes is an express recognition of the well-established rule *536 that there can be no punishment unless the law interdicting the offense is in force at the time of trial.
From these considerations it appears that no portion of the act of 1838 was repealed by the Revised Statutes; that the charter, including the section punishing embezzlement, expired on the first day of January, 1869; and that no authority was preserved to the courts to punish, after its expiration, offenses committed during its existence.
Can any punishment be now inflicted ?
In Commonwealth v. Welch, 2 Dana, 331, it is said: “ The repeal of the penal statute would leave the judiciary without authority to render judgment. There must be law to sustain the judgment, at the time it is rendered. By repealing the statute, which inflicts the penalty, the Commonwealth virtually declares its will not to punish under that statute. The Commonwealth, by her legislature, may define and prescribe punishments for public wrongs. By repealing the statute which defines the offense and announces the punishment, the prescribed rule is abrogated, and the citizen stands before the judicial tribunals as though no such rule had ever been made.”
In Yeaton v. United States, 5 Cranch, 281, it is said, “It has long been settled, on general principles, that after the expiration or repeal of a law no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force.”
The court, in Commonwealth v. Miller, 11 Pick. 350, opinion by Chief Justice Shaw, says: “ The act can not be punished as an offense at common law, for that was not in force during the existence of the statute; nor by the statute of 1814, because it had been repealed without any saving clause; nor by the statute of 1830, for the act was done before that statute was passed. No judgment can therefore be rendered against the defendant on this indictment. ... If the law *537 ceases to operate by its own limitation, or by a repeal at any time before judgment, no judgment can be given.”
See also 1 Washington C. C. R. 89; Hartung v. The People, 22 N. Y. 95; and Stower v. Jewel, 1 Watts (Pa.), 258.
We do not think that section 24 is unconstitutional, because it is of local application, or applies alone to the officers of a particular corporation. Without stopping to comment on Budd v. State, 3 Humphries, it is sufficient to say that it is in conflict with the decided weight of authority, and has never been recognized in this state, or attempted to be applied here, either by legislative action or judicial interpretation.
This provision was intended to facilitate the objects and to promote the well-being of the corporation. “It is not a valid objection that the prohibition designed for the benefit of the institution is guaranteed by a public penalty.” (O’Leary v. County, 28 Ill. 534; Gentile v. State, 29 Ind. 409; Kane v. The People, 8 Wendell, 203; State v. Patton, 4, Iredell (Law), 18; McAunich v. Mississippi Railroad, 20 Iowa; State v. Webster, 29 Md.; and Brooks v. Hyde, 37 Cal.)
Therefore the judgment is affirmed.