# Commonwealth v. Howard, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

Verdicts for misdemeanor and judgments were had against them.  They prayed an appeal to this court, and executed *supersedeas* bonds before the clerk of the circuit court.  They failed to file any transcript of the record, or copy of the *supersedeas* bond, within sixty days.  The motion to dismiss the appeal is denied.

1. By failing to file a transcript of the record within sixty days, as required by section 348, Criminal Code, defendants have lost all right to appeal, and it is held that the appeal is abandoned.

2. The defendants did not cause the *supersedeas* bond to be copied into the transcript, and lodged with the clerk of this court, and obtain his certificate, as required by section 349. .

3. There is no obstruction to the judgments obtained by appellant, and the motion to dismiss is denied.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.
    No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

Judgments upon verdicts for misdemeanor were rendered against defendants.   They prayed an appeal to this court, and executed *supersedeas* bond before the clerk of the circuit court, but failed to file any transcript of the record or copy of the *supersedeas* bond, and obtain from the clerk of this court a certificate that execution of the judgments were suspended.

The attorney general has filed a copy of the judgments and *supersedeas* bonds, and moved to dismiss the appeals, with damages.

His motion must be denied for the following reasons:

*First.* By failing to file a transcript of the record within sixty days, as required by section 348, Criminal Code, the defendants have lost all right to appeal, and it must be treated as abandoned.

*Second.* Because the defendants did not cause the *supersedeas* bond to be copied into the transcript, and lodge it with the clerk of this court, and obtain his certificate that execution of the judgments were suspended, as required by sectiod 349, Criminal Code.

For, unless these things had been done by defendants, they interposed no obstruction to the collection of the judg-ments, and therefore the commonwealth has no right to damages on the bonds, or to have the appeals dismissed, in the absence of any provision of the Criminal Code similar to that of the Civil Code, which authorizes appeals to be dismissed upon filing partial transcripts by an adverse party in a civil action.

Under the provisions of the Criminal Code, there is no necessity for such proceedings as now asked in cases of this character by the commonwealth, either to enforce collection of judgments, or end litigation by removing suspension by defendants, as their acts do not amount to suspension or obstruction.

Motion denied.