## Commonwealth v. Brogan.

(Decided March 26, 1915.)

### Appeal from Knox Circuit Court.

1. Criminal Law—Motion for New Trial—Filing Additional Grounds —When Permissible.—Additional grounds in support of a motion for a new trial in a criminal proceeding may be filed as a matter of right during the term at which the verdict was returned and before the motion is finally disposed of; but in no event, unless the judgment be postponed as provided for by Section 273 of the Criminal Code may such additional grounds be filed at a succeeding term.

2. Criminal Law—Judgment—Power and Duty of Court in General.— After the expiration of the term at which a judgment is rendered, the circuit court has no power to amend or correct it in any matter of substance or affecting the merits, except as permitted by the Code, although mere clerical errors may be remedied; and this rule may not be evaded or set at naught by the failure of a circuit judge to sign the last day's orders of the preceding term. If the judgment entered on the order book is a true recital of the pronouncement of the court, it is the duty of the judge to sign it unconditionally; he has no power to set it aside at a subsequent term although it is unsigned.

JAMES GARNETT, Attorney General, for appellant.

J. M. ROBSION, J. D. TUGGLE and S. A. SMITH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Certifying the law of the case.

At the September term, 1914, of the Knox Circuit Court Thomas Brogan was tried and convicted of the crime of wilful murder. His punishment was fixed at confinement in the penitentiary during life. On a subsequent day of the term he filed his motion and grounds for a new trial, which the court, after due consideration, overruled on the last day of the term; and thereupon

the defendant was brought into court and sentenced. Execution of the judgment was stayed for sixty days, an appeal having been prayed and granted; and defendant was given until the twelfth day of the November term of the court to prepare and tender his bill of exceptions; and within the time allowed the bill of exceptions was tendered, allowed and signed in due form.

On the fifteenth day of the November term, and after the bill of exceptions had been signed, the defendant produced and was permitted to file additional grounds in support of his motion for a new trial, together with affidavits showing that the verdict had been reached by lot. Upon the hearing of this motion the court, over the objection of the Commonwealth, granted the defendant a new trial.

The judge had not signed the orders of the last day of the preceding term, but did so after entering and signing the order granting defendant the new trial; and from the order granting defendant a new trial the Commonwealth appeals for a certification of the law.

1. It is provided by Section 273 of the Criminal Code than an application for a new trial must be made at the same term at which the verdict is returned unless the judgment be postponed to another term, in which event, the application may be made at any time before judgment; and Section 274 provides that the grounds for a new trial must be stated in writing and filed at the time of the making of the motion.

The Code of Criminal Practice makes no special provision for the filing of other or additional grounds, after the entering of the motion for a new trial. But the court is of the opinion that such additional grounds may, as a matter of right, be filed at any time during the term at which the verdict is returned before the motion has been finally disposed of, although it is the individual opinion of the writer that the provisions of the Criminal Code above referred to do not contemplate the filing of any grounds other than those accompanying the motion, and that the matter of filing additional grounds should be left to the discretion of the trial court.

But in no event, unless the judgment be postponed as provided for by Section 273, may such additional grounds be filed after the term at which the verdict was returned.

In the case at bar, the additional grounds were not offered to be filed until the term after that at which the verdict was returned; and there having been no postponement of the judgment within the meaning and purview of Section 273 of the Criminal Code, the trial court erred in permitting such additional grounds to be filed.

The failure of circuit judges to sign the orders of the last day of the term has been productive of much litigation and expense, and the practice has been several times condemned in vigorous language. See Johnson v. Commonwealth, 80 Ky., 377; Bennett v. Tiernay, 78 Ky., 580.

In the present case the trial judge, in the order granting a new trial, states that he has no doubt of the guilt of the defendant, and his failure to sign the last day's orders at the term at which the judgment was entered may, therefore, have been not only very expensive to the Commonwealth, but may also have been at the expense of justice itself.

However, this court has no authority under the state of case here presented except to declare the foregoing to be a correct exposition of the law and obligatory upon the circuit courts. Criminal Code, Sec. 335. Whole court sitting.