## Commonwealth v. Milburn.

(Decided May 31, 1921.)

### Appeal from Daviess Circuit Court.

1. Receiving Stolen Goods—Trial and Review.—On the trial of the accused under an indictment charging him with the offense of feloniously receiving stolen property with knowledge that it had been stolen, and the only evidence as to the value of the stolen property clearly fixed it at more than $20.00, the failure of the trial court to give an instruction under which the jury might have found him guilty as in a case of petit larceny, and inflicted upon him the punishment applicable to that offense, was not error.

2. Criminal Law—Accomplices—Witnesses.—Where in a criminal prosecution evidence furnished by witnesses charged to be accomplices of the accused is relied on to establish the guilt of the latter, and the evidence as to whether such witnesses are accomplices is conflicting, it is proper for the trial court to instruct the jury as to the legal meaning of the word "accomplice," and by the same instruction authorize them to determine from the evidence whether such witnesses are accomplices within such meaning.

3. Criminal Law—New Trial—Final Judgment.—An order of the circuit court granting the defendant a new trial, following his conviction of a felony, however erroneous it may be, is not a final judgment and cannot, on appeal by the Commonwealth, be reversed by the Court of Appeals.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and C. E. SMITH for appellant.

AUD & HIGDON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Certifying the law.

The appellee, John Milburn, jointly with Dorris Hawkins, Berry Tichenor and Herman Lyons, was indicted in the Daviess circuit court for the crime of unlawfully, wilfully and feloniously receiving stolen property from Robert Bryan, knowing at the time that it had been sto-

len. The property, as charged in the indictment, consisted of a number of cases of whiskey, of greater value than $20.00, belonging to Hugh Herr and had been stolen from him.

The appellee was accorded a separate trial, which resulted in a verdict from the jury finding him guilty of the crime charged and fixing his punishment at confinement in the penitentiary for a period of one year. Within proper time he filed a motion and grounds for a new trial, which motion was sustained and a new trial granted him by the circuit court. To this ruling the Commonwealth by its attorney excepted, and from the order granting the new trial has appealed.

It appears that the appellee was granted a new trial: First, because of the opinion of the trial court that he was prejudiced in his substantial rights by its failure to give an instruction under which the jury might have determined whether he was guilty, as in a case of petit larceny, and have inflicted upon him the same punishment provided for that offense, if they found that the stolen property he was charged to have received was not of as great value as $20.00. Second, that the court also erred to appellee's further prejudice in failing to instruct the jury, as a matter of law, that certain witnesses whose testimony was given in behalf of the Commonwealth were accomplices of appellee, instead of instructing them, as was done, that they should determine from the evidence whether they were such.

Regarding the first of these supposed errors it is sufficient to say that an instruction authorizing the jury to find appellee guilty as in a case of petit larceny and to inflict upon him the punishment applicable to that offense would not have been proper, as there was no evidence on which to base such instruction. The only evidence as to the value of the whiskey was that it was of superior brands, known as "Old Stone" and "Hill and Hill;" that its market value was $100.00 per case of 12 quarts, and that two or more cases of the stolen whiskey were twice in appellee's possession, at least one of which he retained by leaving it at the house of a friend. There was a contrariety of evidence as to whether he had any knowledge that the whiskey had been stolen, but no conflict of evidence as to its value. We repeatedly have held that such an instruction as that in question is im-

proper in the absence of evidence to support it. Kleets v. Com., 165 Ky. 430; Stevens v. Com., 164 Ky. 265. The second supposed error referred to is as unsubstantial as the first. The evidence was quite conflicting as to whether the alleged accomplices who testified on appellee's trial were in fact such.

Notwithstanding the fact that some of the alleged accomplices were jointly indicted with appellant the evidence was conflicting as to whether they or any of them possessed such guilty knowledge of the whiskey's having been stolen as made them in law accomplices of appellee. Personally, one might well believe from the circumstances that they were, but whether they were was a matter to be determined from the evidence; hence it was proper for the court to submit the question to the jury for decision, as was done. Such action of the trial court has received our approval in the following cases: Anderson v. Commonwealth, 181 Ky. 311; Richardson v. Commonwealth, 166 Ky. 570; Elendorf v. Commonwealth, 171 Ky. 410; Lovering v. Commonwealth, 132 Ky. 666; Smith v. Commonwealth, 148 Ky. 69.

We cannot, however, agree with counsel for the Commonwealth that the order of the circuit court granting appellee a new trial should be reversed and a judgment of conviction entered against him in that court upon the verdict of the jury. The order granting a new trial in a criminal prosecution is not a final judgment, and cannot be reversed by this court on appeal. It has authority, on appeal by the Commonwealth, to review any ruling of the trial court complained of as error, and to declare its opinion of the law thereon, but it cannot in a case of felony reverse a judgment of acquittal or an order granting a new trial. Commonwealth v. Hourigan, 89 Ky. 305; Commonwealth v. Bragon, 163 Ky. 748; Commonwealth v. Brand, 166 Ky. 753.

It is our conclusion that the action of the court below in granting appellee a new trial was unauthorized on any of the grounds urged therefor, and this conclusion is hereby certified to that court as the law of the case.