## Commonwealth v. Wilson.

(Decided October 1, 1926.)

Appeal from McCreary Circuit Court.

1. Criminal Law—Permitting Defendant to File Additional Motion and Grounds for New Trial at Subsequent Term of Court, After First Motion had Been Overruled, Held Error, Notwithstanding

Failure to Render Final Judgment or to Enter Any Judgment in Order Book (Criminal Code of Practice, Sections 273, 283, et seq.). —Where defendant's motion for new trial was overruled at same term at which he was convicted, and his appeal was dismissed for failure to file record in Court of Appeals within time prescribed by law, permitting defendant to file additional motion and grounds for new trial at subsequent term of court held, error, in view of Criminal Code of Practice, section 273; there being no "postponement of judgment" within such statute authorizing such procedure, because no final judgment had ever been rendered against defendant in accordance with section 283, et seq., nor that any judgment has ever been entered in the order book.

2.    Criminal Law—Though Court of Appeals May Not Reverse Ruling of Lower Court Granting New Trial, it May Declare its Opinion to be Correct Exposition of Law, Binding on Lower Court (Criminal Code of Practice, Section 335).—Although Court of Appeals may not reverse ruling of circuit court granting new trial, since it is not "final order," it may declare its opinion to be a correct exposition of the law which should be binding on the circuit court on the proper steps being taken by the Commonwealth to secure that end, in view of Criminal Code of Practice, section 335.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellant.

J. E. STEPHENS, E. E. BELL and H. C. CRESS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Certifying the law.

The appellee, James Wilson, was tried for the crime of wilful murder at the November, 1924, term of the McCreary circuit court. He was convicted of the crime of manslaughter.. At that term of court he filed his motion and grounds for a new trial and later at the same term, and before his motion had been passed upon, additional grounds. On the 20th day of this November, 1924, term the court entered an order overruling Wilson's motion for a new trial. That order in part reads: "To all of which ruling and judgment of the court the defendant, James Wilson, objects and excepts, and prays an appeal to the Kentucky Court of Appeals, which is now granted." Wilson was given time to prepare and file his bill of exceptions, which he later did, and thereafter he undertook to prosecute an appeal to this court. That appeal was dismissed in this court on the motion of the Commonwealth because of Wilson's failure to file the record in this court within the time prescribed by law.

On the second day of March, 1926, term of the McCreary circuit court the Commonwealth moved the filing in that court of the mandate of this court dismissing Wilson's appeal. It was then discovered that no final judgment had ever been rendered against Wilson in accordance with sections 283, et seq., of the Criminal Code, nor had any judgment in Wilson's case ever been entered in the order book. So on the next day the Commonwealth prepared and tendered a judgment and moved that it be entered. On Wilson's objection, the court took the matter under advisement. On the following day Wilson produced another motion and grounds for a new trial and filed them over the objection of the Commonwealth's attorney. The court thereupon overruled the motion of the Commonwealth's attorney to file the tendered judgment, sustained Wilson's motion and grounds for a new trial then filed, and awarded him the new trial he sought. The Commonwealth has appealed, asking that the law be certified.

We are of opinion that the trial court erred in permitting appellee to file the motion and grounds for a new trial he did at the March, 1926, term of the circuit court. Section 273 of the Criminal Code provides that an application for a new trial must be made at the same term at which the verdict is returned unless the judgment be postponed to another term, in which event the application may be made at any time before judgment. This section of the Code does not contemplate a series of motions for a new trial. Its language authorizes but one application, which application must be made at the term at which the verdict is rendered, unless the judgment be postponed, in which event it can be made at any time up to the judgment. So long as the motion is pending and undisposed of, additional grounds therefor may be filed. But when once the application has been passed upon, as was done here, there is no authority in the Code for the filing of another motion for a new trial. Further, there was no postponement of the judgment in this case as comes within the meaning of that term in the Code. It is obvious that the failure to comply with the Code requirements as to a judgment in this case was an oversight on the part of both the Commonwealth and the appellee. Indeed the latter undertook to prosecute an appeal to this court when there was no final judgment in the record, and, although his appeal was dismissed for other reasons, it

might well have been dismissed on this ground. When the Commonwealth's attorney tendered the judgment he did at the March, 1926, term, the court should have entered it, as we distinctly held in the similar case of Neace v. Commonwealth, 165 Ky. 739, 178 S. W. 1062, and appellee could then have prosecuted his appeal therefrom as that case points out.

We are fortified in our conclusions as to the appellee's lack of right to file his second motion for a new trial by the opinion of this court in the case of Commonwealth v. Brogan, 163 Ky. 748, 174 S. W. 473. In that case Brogan was convicted of the crime of wilful murder at the September term of the Knox circuit court. He then filed his motion and grounds for a new trial at that term. The same was overruled. Thereupon Brogan was brought into court and sentenced. The judgment in his case was entered on the last day of the term, but none of the orders of that day were signed by the judge until the following term. Of course, until signed, the judgment was no judgment. At the November term, which was the next one after the September term, and before the judge had signed the orders of the last day of the September term, Brogan presented another motion and grounds for a new trial, which were ordered filed and then sustained. Thereafter the judge signed the order book in which the judgment had been entered. In holding that the court committed error in allowing Brogan to file this last motion for a new trial and in sustaining the same, we pointed out that under section 273 of the Criminal Code an application for a new trial must be made at the same term at which the verdict is returned, unless the judgment be postponed to another term, in which event the application may be made at any time before judgment. We further pointed out that section 274 of the same Code provides that the grounds for a new trial must be stated in writing and filed at the time of the making of the motion. We held that, although the Code of Criminal Practice makes no special provision for the filing of other or additional grounds after the entering of a motion for a new trial, yet such additional grounds may be filed at any time during the term at which the verdict is rendered before the motion has been disposed of. But we also held that in no event, unless the judgment be postponed as provided by section 273, supra, may such additional grounds be filed after the term at which the verdict was returned,

and that there was not such a postponement of the judgment in that case as came within the purview of that part of section 273, *supra,* which authorizes the filing of additional grounds after the term at which the verdict is returned. The Brogan case clearly intimates that but one application for a new trial may be made, and, when it is disposed of, the defendant is precluded from thereafter filing another. It limits the right of filing additional grounds in support of the motion for a new trial to the period of its pendency and until it has been finally disposed of. A motion for a new trial is valueless without grounds to support it, and, if additional grounds may not be filed after the motion is disposed of, it is hard to see why they should be allowed to be filed thereafter by the simple expedient of filing another motion for a new trial. The language of the Code does not authorize it. The Brogan case distinctly disapproves it. Further, if there was no postponement of the judgment in the Brogan case within section 273 of the Criminal Code, neither was there a postponement in the case before us. Although it is true the defendant had been sentenced in the Brogan case and he had not in this case, yet, until signed. there was no judgment in the Brogan case, just as there was none in this case. The failure to sign the judgment in the Brogan case was held to be no postponement of it within the meaning of that term in section 273 of the Code, *supra.* It follows that a failure to enter a judgment in the order book is no such postponement either. In both cases, there was no judgment, in one due to a failure to sign the order book; in the other due to a failure to put it on the order book. It is therefore apparent that the trial court committed error in permitting Wilson to file the motion and grounds for a new trial he did at the March, 1926, term. Although we may not reverse the ruling of the lower court granting the new trial since it is not a final order—Commonwealth v. Milburn, 191 Ky. 717, 231 S. W. 502—yet we may declare the foregoing to be a correct exposition of the law, which should be binding on the circuit court on the proper steps being taken by the Commonwealth to secure that end. Criminal Code, section 335.

Whole court sitting.