## Commonwealth v. Neal.

(Decided March 20, 1928.)

### Appeal from Boyd Circuit Court.

1. Criminal Law.—Criminal Code of Practice, secs. 335, 337, authorizes appeal by commonwealth from any decision of circuit court for purpose of having law certified.

2.  Criminal Law.—After motion and grounds for new trial have been overruled, judgment of conviction for manslaughter rendered, sentence pronounced, appeal granted, and bail bond executed, court did not abuse discretion in permitting defendant at same term to file additional motion and grounds for new trial, under Criminal Code of Practice, sec. 273; "bail bond" being mere covenant that defendant would render himself amenable to orders of court.

3.  Criminal Law.—Trial court has control of its judgments in criminal cases during trial term.

4.  Criminal Law.—In prosecution for manslaughter, motion for new trial suspends judgment of conviction until motion is acted on.

5.  Criminal Law.—In prosecution for manslaughter, jurisdiction of circuit court continues until transcript of record is filed in Court of Appeals.

FRANK E. DAUGHERTY, Attorney General, WATT M. PRICHARD and WAUGH & HOWERTON for appellant.

COLDIRON & HARRIS and ALLEN N. CISCO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Certifying the law.

Charles W. Neal was indicted for murder by the grand jury of Boyd county. The first trial resulted in a hung jury. When the case was called for trial a second time, it was ascertained that a jury could not be obtained from Boyd county, and the parties agreed to a continuance with the understanding that the jury should be selected from Greenup county. The second trial took place at the September term, 1927. The jury found Neal guilty of manslaughter and fixed his punishment at 17 years' imprisonment. On the same day he filed motion and grounds for a new trial. The motion was overruled, and Neal prayed an appeal to this court. He was then given until the last day of the next November term to tender and file his bill of exceptions, and was allowed to execute a bail bond in the sum of $10,000. On the same day he was brought into court and sentence was pronounced, and he and certain sureties executed the bail bond. On September 28, and during the same term, he tendered and offered to file his amended motion and additional grounds for a new trial, which the court permitted to be filed over the objection of the commonwealth. The new grounds were not known to Neal when the original motion was filed. The commonwealth then asked for time to file counter affidavits, and the time was granted. On the fourth day of the November term, 1927,

the commonwealth filed its affidavits. After the affidavits were filed the commonwealth made a motion to set aside the order permitting the filing of a new and additional motion and grounds for a new trial. The motion was overruled, and the commonwealth excepted and prayed an appeal, which was granted, for the purpose of having the law certified.

The Criminal Code authorizes an appeal by the commonwealth from any decision of the circuit court for the purpose of having the law certified. Sections 335, 337, Criminal Code; Commonwealth v. Matthews, 89 Ky. 287, 12 S. W. 333, 11 Ky. Law Rep. 505; Commonwealth v. Cain, 14 Bush, 525.

The only question for determination is whether, after motion and grounds for a new trial have been overruled, judgment rendered, sentence pronounced, appeal granted, and bail bond executed, the court may at the same term permit the defendant to file additional motion and grounds for a new trial. Section 273, Criminal Code, reads as follows:

"The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment."

While some of the language employed in Commonwealth v. Brogan, 163 Ky. 748, 174 S. W. 473, and repeated in Wilson v. Commonwealth, 215 Ky. 759, 286 S. W. 1065, is susceptible of the construction that additional motion and grounds for a new trial may not be filed after the application therefor has been once overruled, the language employed must be construed in the light of the fact that the court in each instance was dealing with a case where the additional grounds were filed at a succeeding term, and the judgment had not been postponed as provided for by the above section of the Criminal Code.

The Code clearly authorizes the application for a new trial at the same term at which the verdict is rendered. Not only has the trial court control of its judgments during the trial term, but the motion for a new trial suspends the judgment until the motion is acted on. Louisville Chemical Works v. Commonwealth, 8 Bush, 179; Commonwealth v. Tarvin, 114 Ky. 877, 72 S. W. 13, 24 Ky. Law Rep. 1663. Moreover, the jurisdiction of

the circuit court continues until the transcript of the record is filed in this court. Commonwealth v. Howard, 81 Ky. 57. Therefore, neither the mere granting of the appeal, nor the execution of the bail bond, which was a mere covenant that the defendant would render himself amenable to the orders of the court, had the effect of depriving the circuit court of jurisdiction. Here the defendant, at the term at which the verdict was rendered, filed amended and additional grounds for a new trial. In his motion he asked that the order overruling his motion and grounds for a new trial, and also the judgment, be set aside, and that he be awarded a new trial for the reasons therein set forth. In the circumstances we are of the opinion that it was within the sound discretion of the trial judge to permit the amended and additional grounds for a new trial to be filed, and that in so doing he did not abuse a sound discretion.

Wherefore this opinion is certified as the law of the case.

Whole court sitting.