## Jones v. Commonwealth.

(Decided May 1, 1931.)

A. T. W. MANNING for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for the Commonwealth.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

The appellant, Roy Jones, was convicted of the crime of rape at the January, 1930, term of the Jackson circuit court, and his punishment fixed at confinement in the penitentiary for ten years.

At the same term he filed a motion and grounds for a new trial. The court entered an order overruling his motion for a new trial and gave him until the 5th day of the March, 1930, term of court to prepare and file his bill of exceptions, which were filed within the time granted. On June 2, 1930, the transcript was filed in the office of the clerk of this court. There is no judgment in the record brought to this court, and it appears that at that time there was no judgment of record in the lower court.

On January 14, 1930, the following order was entered in the order book in the circuit court:

"Commonwealth of Kentucky, Plaintiff, vs. Leroy Jones, Defendant.

"Came again the parties to this action, the commonwealth's attorney and defendant and his attorneys, and came the jury in charge of M. V. Neeley and answered to the call of their names and returned the following verdict: 'We, the jury, agree and find the defendant guilty and place his punishment at ten years in the state penitentiary. C. S. Durham, Foreman.' The defendant was thereupon placed in custody of the jailer and remanded to jail."

No judgment was entered at the January term nor at the March term of the court. On October 2, 1930, appellant tendered in this court what purports to be a judgment entered on January 19, 1930, certified to by the circuit clerk, and moved that it be filed as an additional part of the record. With his motion he filed the affidavits of his three attorneys, which show that no judgment appeared on the order book prior to June 21, 1930, on which day the clerk entered the judgment on the margin of the order book where the orders of January 19, 1930, had been entered. The order was never signed by the circuit judge.

Counsel for appellant concede that the order is a nullity, but they argue that the certified copy of what purports to be a judgment should be filed, declared void, and the appellant granted a new trial on the authority of Johnson v. Commonwealth, 80 Ky. 377. On the other hand, the commonwealth has moved this court to dismiss the appeal because there is no judgment in the record brought to this court.

Without determining whether or not the opinion in the Johnson case is sound in so far as a new trial was granted, the facts there distinguish it from the present case. There the order book did not show that a verdict had been returned and nothing appeared on the order book authorizing the entry of the judgment nunc pro tunc at a subsequent term of court. Here the order book shows that a verdict was returned and what it was, and there is sufficient record evidence to warrant the entry of

a judgment nunc pro tunc. This case cannot be distinguished from the case of Pardue v. Commonwealth, 225 Ky. 60, 7 S. W. (2d) 512, and on the authority of that case the motion of the commonwealth to dismiss the appeal must be sustained.

Proper practice under a state of facts such as the present record presents is fully set out in Pardue v. Commonwealth, supra; Neace v. Commonwealth, 165 Ky. 739, 178 S. W. 1062, and Commonwealth v. Wilson, 215 Ky. 743, 286 S. W. 1065. When a judgment has been entered in accordance with the verdict of the jury, the appellant may appeal from the judgment so entered and, if he so desires, may use the record now filed in this court.

The appeal is dismissed.