## Dills v. Commonwealth.

June 4, 1940.

Watt M. Prichard, Judge.

A. W. Mann and W. S. Jett, Jr., for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

Roy Dills was charged with the crime of setting up and operating a game of chance. Section 1960 of the Statutes. Upon his trial he was found guilty and his punishment fixed at a fine of $500 and two years in prison. The penalties provided in Section 1960 are:

> "* * * shall be fined five hundred dollars ($500.00) and costs and confined in the penitentiary not less than one nor more than three years; shall be deemed infamous after conviction, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust or profit, whether it be state, county, city or municipal. The judgment of conviction in every case shall recite such infamy and disqualification, and shall not be valid without such recital. * * *"

The judgment which Dills is attempting to appeal from contains no recital as to infamy and disqualification. It was pointed out in the case of Vowells v. Commonwealth, 84 Ky. 52, that it is the duty of the trial court, after one is convicted under Section 1960 of the Statutes, to pronounce the judgment prescribed by the

statute. Hence, it can be seen that Dills is attempting to appeal from an invalid judgment. It is necessary, therefore, that the appeal be dismissed. Pardue v. Commonwealth, 225 Ky. 60, 7 S. W. (2d) 512; Jones v. Commonwealth, 238 Ky. 607, 38 S. W. (2d) 461; Murphy v. Commonwealth, 275 Ky. 318, 121 S. W. (2d) 704.

Appeal dismissed.