COMMONWEALTH of Kentucky, Appellant,

v.

Wilbur Hite LITTRELL, Appellee.

Supreme Court of Kentucky.

Oct. 4, 1984.

David L. Armstrong, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

JAMES S. CHENAULT, Special Justice.

Wilbur Hite Littrell was indicted, tried and convicted in the Jefferson Circuit Court for the offense of First-Degree Robbery. During the period between the jury's verdict and formal sentencing the defendant filed a motion for a new trial based upon newly discovered evidence. The trial judge granted the motion, set aside the jury's verdict, disqualified himself from further participation in the matter and the case was then assigned to another division of the Jefferson Circuit Court for trial.

The Commonwealth appealed from the order granting the new trial alleging that the grounds set out by defendant in support of his motion for a new trial were legally and evidentially insufficient to support an order setting aside the jury verdict and granting the new trial.

That appeal was taken under the authority of K.R.S. 22A.020(4), which reads:

"(4) An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the circuit court, but only under the following conditions:

(a) Such appeal shall not suspend the proceedings in the case.

(b) Such appeal shall be taken in the manner provided by the Rules of Criminal Procedure and the Rules of the Supreme Court, except that the record on appeal shall be transmitted by the clerk of the circuit court to the attorney general; and if the attorney general is satisfied that the review by the Court of Appeals is important to the correct and uniform administration of the law, he may deliver the record to the Clerk of the Court of Appeals within the time prescribed by the above-mentioned rules.

(c) When an appeal is taken pursuant to this subsection, the Court of Appeals, if the record so warrants, may reverse the decision of the circuit court and order a new trial in any case in which a new trial would not constitute double jeopardy or otherwise violate any constitutional rights of the defendant."

The appeal by the Commonwealth resulted in a "Not To Be Published" opinion of the Court of Appeals which held that the proffered proof in support of the motion for a new trial was insufficient to warrant the granting of a new trial, and the order granting a new trial was set aside and the trial court was directed to proceed with the sentencing hearing.

Discretionary review was granted by the Supreme Court and, in a "Not To Be Pub-

lished" Memorandum Opinion and Order, the Court said "There is no appeal from an interlocutory decree granting a new trial, thus the Court of Appeals did not have jurisdiction. *Hardin v. Waddell*, Ky., 316 S.W.2d 367 (1958)." The decision of the Court of Appeals was reversed and the case remanded to the circuit court for the previously granted new trial.

A new trial was held and the newly discovered evidence to which the Commonwealth had objected and upon which its appeal to the Court of Appeals had been predicated was admitted in evidence and a verdict of acquittal followed.

The Commonwealth then filed this appeal from the final judgment of acquittal on the second trial, contending that a final judgment having been entered, the objected-to interlocutory order granting the new trial was ripe for review and, it having been improvidently granted, the order granting the new trial should be set aside and the defendant be sentenced under the original jury verdict of guilty.

It is the Commonwealth's contention on this appeal that, since the granting of a new trial was erroneous, and the error followed a constitutionally and procedurally proper jury trial, the second trial was a nullity, hence no jeopardy attached and sentencing can properly be had on the first jury's verdict.

■ The right of appeal by the Commonwealth in criminal cases has long been recognized, but that right has been rather narrowly proscribed by the double jeopardy prohibition of Section 13 of the Kentucky Constitution. Sections 335, 337, 339 and 352 of the former Criminal Code, (first adopted in 1877) codified the Commonwealth's right of appeal. Section 335 provided that an appeal could be taken only from a final judgment "... except on behalf of the Commonwealth. An appeal by the Commonwealth from a decision of the circuit court shall not suspend the proceedings in the case ..."

Section 337 provided that, "If an appeal on behalf of the Commonwealth be desired, the Commonwealth's attorney shall pray the appeal ... ... [and the record shall be sent to the attorney general, who] on inspecting the record be satisfied that error has been committed to the prejudice of the Commonwealth upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide, he may [perfect the appeal]".

Section 339 provided that "A judgment in favor of the defendant which operates as a bar to a future prosecution for the offense shall not be reversed ..." Again, in Section 352, it was provided that "A judgment on a verdict of acquittal of [a felony] shall not be reversed ..."

These Code sections are quoted to demonstrate the long standing recognition of the need for the Commonwealth to appeal certain criminal matters, but the overriding concern that the Constitutional protection against double jeopardy remain inviolate.

Under these Code provisions a number of appeals were taken, usually for the purpose of "certifying the law" in a case in which a defendant had been acquitted. However, in the case of *Commonwealth v. Cain*, 77 Ky. (14 Bush) 525 (1878), the Court recognized that appeals were not restricted to judgments of acquittal, observing, at page 531, "Sections 335 and 337, when construed together, appear to authorize the court to review any ruling of the Court below in felony cases, whether it be final or not, and without reference to whether the judgment be upon a verdict of a jury or whether it be a bar to another prosecution for the same offense". Also, see *Commonwealth v. Bruce*, 79 Ky. 560 (1881).

The rationale for allowing the Commonwealth to appeal from other than a final judgment is succinctly stated in *Commonwealth v. Matthews*, 89 Ky. 287, 11 Ky.L. Rptr. 505, 12 S.W. 333 (1889), a case where a hung jury and consequent mistrial resulted in an ordered new trial, and an appeal was then taken by the Commonwealth from evidentiary rulings by the trial court during the first trial. The Court observed:

"Whatever may be thought of the policy of this rule, this provision plainly gives the state the right to an appeal from any decision of the trial court, although it may not be final. ... ... We must not be understood, however, as intimating that this statutory rule [Section 337] is without reason. It is supported by it. When a final judgment is rendered against a defendant, he may, upon appeal, get the benefit of any error which has at any time during the progress of the case been committed against him ... ... In short, he cannot be injured by the denial of the right to appeal save from a final judgment. Upon the other hand, if a defendant be tried and acquitted he cannot, of course, be again tried, although his release may free a guilty man, and be the result of erroneous decisions of legal questions by the trial court. The injury to the state and the public is then beyond cure as to that particular case. Owing to this fact, doubtless, the legislature saw proper to give the commonwealth the right to appeal from a decision of the trial court, although not final in character. It gives no advantage to the state over the accused. He is amply protected, as we have already seen, by the right to appeal from a final judgment. It is indeed, only fair to the public, and proper for its protection, because otherwise the guilty might escape by an acquittal resulting from legal errors" (citing *Commonwealth v. Cain*, supra). "... ... the legislature doubtless supposed, and with reason, that the same questions would arise upon a future trial, and that it would be necessary to a fair administration of justice to allow the state to at once correct any error by an appeal."

The specific question of whether an order granting a new trial is appealable has been addressed under the Criminal Code several times. The first cases to deal with this issue were the joint cases of *Commonwealth v. Dorsey* and *Commonwealth v. Roach*, 11 Ky.L.Rptr. 366 (1889), where the novel idea of the Commonwealth appealing from the granting of a new trial was sum-

marily rejected in an abstract opinion which said: "An appeal does not lie from an order granting a new trial in a criminal case."

The following month the court expanded upon this ruling in *Commonwealth v. Hourigan*, 89 Ky. 305, 11 Ky.L.Rptr. 509, 12 S.W. 550 (1889), saying: "Where the only question presented is whether a new trial should be granted, the law has wisely left it to the judgment of the trial court. It witnesses the entire conduct of the trial. It has every opportunity to know whether it has been a fair one, and conducive to justice, both to the public and the individual."

Similarly, in *Commonwealth v. Robinson*, Ky., 27 Ky.L.Rptr. 14, 84 S.W. 319 (1905), the Court noted that an appeal may be taken by the Commonwealth "before final judgment to have the law of a case settled by this court, but the appeal cannot interfere with the action of the lower court in granting a new trial."

In a case more parallel with the instant case, *Commonwealth v. Brogan*, 163 Ky. 748, 174 S.W. 473 (1915), where the trial court permitted erroneous procedural steps to be taken and, based upon the result of the procedural error, granted a new trial, the Court adjudged that the trial court had in fact erred in permitting the procedural errors and, as a result thereof, in granting the new trial. The Court closed its opinion with the observation: "However, this court has no authority, under the state of the case here presented, except to declare the foregoing to be a correct exposition of the law and obligatory upon the circuit courts." Also, see *Commonwealth v. Milburn*, 191 Ky. 717, 231 S.W. 502 (1921).

Carrying this type caveat one step further, in *Commonwealth v. Wilson*, 215 Ky. 743, 286 S.W. 1065 (1926), where it was determined that the trial court was in error in granting a new trial, it was cogently observed:

"Although we may not reverse the ruling of the lower court granting the new trial, since it is not a final order, ... ... yet we may declare the foregoing to be a

correct exposition of the law, which should be binding on the circuit court on the proper steps being taken by the commonwealth to secure that end."

This review of the Commonwealth's right of appeal shows the creation and evolution of the right and it also lays the predicate upon which the present statute, K.R.S. 22A.020(4), is based. The Criminal Code sections were repealed by the adoption of the present Criminal Rules in January, 1963, and ultimately, have been reenacted first into K.R.S. 21.140(3), (4), and finally in the present K.R.S. 22A.020(4).

■ The statute has had a checkered istence. In the case of *Commonwealth v. Schumacher*, Ky.App., 566 S.W.2d 762 (1978), the Court of Appeals held it to be unconstitutional. This holding was based upon a separation of powers theory. It was noted that Section 115 of the Kentucky Constitution placed but one restriction on the Commonwealth in its criminal appeals and that was from appealing from a judgment of acquittal other than for the sole purpose of certifying the law. Since Section 109 vested the judicial powers exclusively in one Court of Justice, headed by the Supreme Court, and since Section 116 vested the sole rule-making power governing appellate procedure in the Supreme Court, it was reasoned that the General Assembly had no right nor authority to establish rules of appellate procedure.

We do not agree with that conclusion for two reasons. First, the requirement that the Attorney General review the appeal before docketing it in the Court of Appeals is a purely administrative act, designed to eliminate frivolous, vexatious or meritless appeals. It is a legislative assignment of an executive duty, not a judicial duty. Next, the legislative enactment of the Commonwealth's right to appeal is a mere new codification of the law of this Commonwealth as it has existed, in principal part, for over one hundred years. Until the adoption of our present Judicial Article, appeals were not constitutionally guaranteed and came more as a matter of legislative grace. The then granting of the right of appeal was substantive, not procedural. The fact that this Court has not attempted to preempt this statute by the adoption of pertinent Criminal Rules to parallel the old Criminal Code provisions is in itself tacit approval of the propriety and efficacy of the statute. History, tradition, acceptance and long use mandate that this statutory procedure is constitutionally acceptable.

■ The Court of Appeals correctly accepted the Commonwealth's appeal from the granting of a new trial. It was well within its authority under K.R.S. 22A.020(4) to review the issue presented to it, that is, the legal correctness of the trial court in granting a new trial on newly discovered evidence. It would serve no useful purpose here to detail the evidence; suffice it to say, the Court of Appeals should have limited its opinion to certifying the law in order that "the correct and uniform administration of the law" might be had. It had no authority to "set aside" the order granting the new trial nor to direct that the trial court "proceed with sentencing".

In *Commonwealth v. Shelton*, Ky., 248 S.W.2d 895 (1952), where an appeal from the granting of a new trial was denied, the language of the Court is suggestive that there could be instances where the trial court's granting of the new trial could be overruled:

"The trial judge has broad discretion in granting or denying a new trial, and this Court will not interfere except when that discretion clearly has been abused. We are particularly loathe to interfere where the discretion has been exercised in favor of a new trial."

■ The better rule, and the rule which we here enunciate, is that a review will lie, in proper cases, from the granting of a new trial in a criminal case, but only for the purpose of certifying the law. Obviously, once the law is so certified, it becomes the law of the Commonwealth and, in particular, the law of the case being reviewed.

■ As subtly suggested in *Commonwealth v. Wilson*, supra, it then becomes

incumbent on the Commonwealth's Attorney, in the trial court, to make such motions and take such steps as are necessary to bring the matter to the trial court's attention for proper reconsideration.

■ Since the Court of Appeals exceeded its jurisdiction in overturning the order granting a new trial, this Court's discretionary review and reversal of the decision was proper. However, the summary reversal on the ground that "there is no appeal from an interlocutory decree granting a new trial, thus the Court of Appeals did not have jurisdiction" was in error. The cited authority for this opinion, *Hardin v. Waddell*, Ky., 316 S.W.2d 367 (1958), would have been correct in a civil case but did not apply and is of no efficacy in a Commonwealth appeal in a criminal case. A more correct ruling, assuming the Court of Appeals was perceived to have been correct on the law as to the granting of the new trial, would have been to have affirmed the Court of Appeals' certification of the law, but reversed that portion of the opinion that overruled the granting of a new trial and that directed that the defendant be sentenced under the jury's verdict.

■ We have discussed this procedural matter at some length since there was no clear authority as to the exact procedure the courts should follow on appeal from the granting of a new trial. The granting of a new trial largely rests within the sound discretion of the trial judge and for good reason. He had the opportunity to observe first-hand the proceedings, the witnesses' demeanor, the courtroom atmosphere, so to speak, and all the surrounding circumstances, and it rests on his shoulders to see that substantial justice is done insofar as it is within his power to do so. Only what appears to be a clear abuse of that discretion should be approved for appellate review by the Attorney General. With trials becoming ever longer and ever more expensive, it is equally incumbent upon the prosecuting officers of the Commonwealth in proper cases to try to prevent long and expensive delays in final dispositions of criminal cases because of erroneous granting of new trials. The public has a large stake in the fair and impartial administration of our criminal justice system and a timely appeal from an abused discretion may be the only remedy available to them. Cf. *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978).

■ In the instant case, once the defendant was again placed on trial by the swearing of a legally impanelled jury and the reception of evidence, he was in jeopardy. The jury had the power and authority to have found him guilty and to have assessed a severe punishment against him. The defendant certainly could not have complained as to any procedural defects as it was upon his motion that the new trial was granted. His acquittal, however jaded the evidence or the procedure, serves as a complete and final bar as to any further proceedings against him. See *Commonwealth v. Burris*, Ky., 590 S.W.2d 878 (1979).

The issue of the trial judge's ruling *in limine* on the right of the Commonwealth to cross-examine certain defense witnesses on certain matters is so unlikely to again arise as to not warrant appellate discussion of the issue.

For the foregoing reasons, the Commonwealth's motion to vacate the judgment of acquittal of the Jefferson Circuit Court, its motion to vacate the order granting a new trial, and its motion to reinstate the jury's verdict in the first trial and directing that the defendant be sentenced thereon, are OVERRULED, and the final judgment acquitting the defendant is AFFIRMED.

AKER, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., and JAMES S. CHENAULT and WELLS T. LOVETT, Special Justices, sitting.

All concur.