## Wilson v. Commonwealth.

(Decided February 7, 1928.)

### Appeal from McCreary Circuit Court.

1.  Criminal Law.—Under Criminal Code of Practice, sec. 273, providing application for new trial must be made at same term at which verdict is rendered unless judgment be postponed to another term, accused in homicide case having at trial term applied for new trial and had same denied held not entitled to submit other motions for new trial, trial court having exhausted jurisdiction to hear and determine such motions.

2.  Criminal Law.—Where motion for new trial is overruled at term, after that term expires, jurisdiction to grant new trial is vested solely in appellate court.

3.  Criminal Law.—After motion of accused in homicide case for new trial had been denied at trial term, action of trial court at subsequent term in attempting to grant new trial was wholly ineffective, and order granting new trial was void, so that at subsequent term setting aside grant of new trial was wholly immaterial.

4.  Criminal Law.—Where defendant in homicide case filed record in office of clerk of appellate court within 60 days after judgment of conviction was entered perfecting appeal, under Criminal Code of Practice, sec. 336, held appeal on merits, being regular, must be considered.

5.  Criminal Law.—In prosecution for homicide, error, if any, in admission in evidence of testimony of threats made by accused prior to homicide, not shown by record to have been objected nor excepted to when evidence was heard, held, waived.

6.  Criminal Law.—Where trial court appointed wife of commonwealth's attorney, who prosecuted accused in homicide case, bailiff to guard women of jury, and no objection was made nor was matter called to attention of trial court until motion for new trial was made, held that objection was too late to be effective, and, having failed to object and except at time alleged error was committed, error, if any, was waived.

7.  Criminal Law.—Errors occurring in trial of case must appear in bill of exceptions to be considered by appellate court on appeal.

8.  Criminal Law.—Accused in homicide case urging misconduct of attorney for commonwealth in argument to jury held precluded from relying on alleged error, where bill of exceptions did not

show any portion of argument was objected to or that accused excepted to court's ruling thereon.

9. Criminal Law.—Where accused in homicide case objected to instruction because it emphasized facts offered in evidence, particularly holding of accused by deceased, where accused testified that in course of difficulty which followed attempt to execute warrant of arrest deceased interfered and took hold of him, held error was favorable to accused rather than prejudicial, since it called particular attention to facts relied on by him in justification of homicide.

10. Criminal Law.—Where careful consideration of record convinces appellate court that accused was accorded fair and impartial trial, no errors appearing therein, and that verdict of jury is sustained by evidence, judgment must be affirmed.

11. Criminal Law.—Jury is judge of credibility of witnesses and of questions of fact presented by criminal prosecution.

12. Criminal Law.—Appellate court may reverse criminal judgment only when consideration of entire record leads to conclusion that accused's substantial rights have been prejudiced by errors of law committed on trial below.

E. E. BELL, H. C. CRESS and J. E. STEPHENS for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, James Wilson, was indicted by the grand jury of McCreary county for the crime of murder, and when tried was found guilty of manslaughter and sentenced to serve 21 years in the penitentiary. He prosecutes this appeal from that judgment.

This is a companion case to that of Waters v. Commonwealth, 221 Ky. 433, 298 S. W. 1078, that appellant and this being jointly indicted for the same crime. A full statement of the facts may be found in the previous opinion. Much confusion has arisen in this case due to the fact that by oversight the judgment sentencing appellant to the punishment fixed by the verdict of the jury was not entered at the term at which it was returned. The original appeal which appellant undertook to prosecute to this court was dismissed upon the motion of the commonwealth for the reason that the record was not filed in this court within the time prescribed by the Criminal Code of Practice. It was not observed when that was done that the record disclosed that no judgment had been entered against appellant. That fact was disclosed later

in the trial court, and the commonwealth then moved the court to enter judgment in conformity with the verdict of the jury. Appellant objected, and at that term filed a second motion and grounds for a new trial. The trial court on consideration sustained his motion and granted him a new trial. The commonwealth prosecuted an appeal from that judgment for a certification of the law; and the opinion of the court on that question may be found in Commonwealth v. Wilson, 215 Ky. 743, 286 S. W. 1065. No further steps appear to have been taken in the case in the court below until after that opinion was rendered. Afterwards, on motion of the commonwealth, the order which had previously been entered granting appellant a new trial was set aside and judgment was then entered sentencing appellant to the penalty fixed by the verdict of the jury returned several terms of the court previously. Judgment then having been entered against appellant for the first time, this appeal was prosecuted by him within the time fixed within which that may be done following the entry of the judgment. The verdict was returned at the November term, 1924, and appellant's motion for a new trial was overruled at that term. The first appeal was dismissed by this court November 27, 1925. The second motion for a new trial and grounds in support thereof were filed March 11, 1926, during the regular March term, 1926. The new trial was granted at that term. The judgment setting aside the order granting a new trial was entered at the November term, 1926, and judgment then was entered sentencing appellant to the punishment provided by the verdict returned at the November term, 1924.

It is vigorously insisted for appellant that, after having granted him a new trial, as was done, the trial court was without authority at a subsequent term to set aside the order granting a new trial and to enter judgment on the verdict which had been returned. Whether that would be true in a case where the order granting the new trial was valid is not presented and need not be determined.

Section 273 of the Criminal Code reads:

"The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment."

Section 274 reads:

"The grounds upon which a motion for a new trial is made must be stated in writing, and filed at the time of making the motion."

Appellant was tried at the November term, 1924, of the McCreary circuit court, the trial resulting in the verdict upon which the judgment appealed from herein was based. The orders of the court were regularly entered showing all the steps of the trial down to and including an order which shows that the jury returned the verdict finding appellant guilty of voluntary manslaughter and fixing his punishment at confinement in the penitentiary for 21 years, and was then discharged, and that appellant was then remanded to the custody of the jailer to await the judgment of the court. The record herein discloses further that at that term of the court appellant filed his motion and grounds for a new trial, and that the court considered and overruled the same. As a matter of fact the trial court at that term, after overruling appellant's motion for a new trial, had him brought into open court, and, in conformity with sections 283, 284, 285, and 286 of the Criminal Code, pronounced judgment upon him. By oversight and inadvertence this judgment was not entered upon the order book of the court.

As said in Commonwealth v. Wilson, supra, with reference to section 273, supra, of the Criminal Code:

"This section of the Code does not contemplate a series of motions for a new trial. Its language authorizes but one application, which application must be made at the term at which the verdict is rendered, unless the judgment be postponed, in which event it can be made at any time up to the judgment. So long as the motion is pending and undisposed of, additional grounds therefor may be filed. But when once the application has been passed upon, as was done here, there is no authority in the Code for the filing of another motion for a new trial. Further, there was no postponement of the judgment in this case as comes within the meaning of that term in the Code."

Having, at the November term, 1924, the trial term, considered and overruled appellant's motion and grounds for a new trial, the trial court exhausted its

jurisdiction to hear and determine motions for a new trial in this cause. Having overruled the motion at the trial term the trial court was without jurisdiction at any subsequent term to hear and determine another motion for a new trial. Where the motion for a new trial is overruled at the trial term, after that term expires the jurisdiction to grant a new trial is vested solely in this court. These things being true, the attempt by the trial court at a term subsequent to the trial term to grant appellant a new trial, after having overruled a motion for a new trial at the trial term, was wholly ineffective for that purpose. The order entered purporting to grant a new trial was void. That being true, at the subsequent term at which the judgment previously entered purporting to grant appellant a new trial was set aside by the trial court, the situation was the same exactly as if the court had never attempted to grant appellant a new trial. The situation was then exactly the same also as that which presented itself to the court in Neace v. Commonwealth, 165 Ky. 739, 178 S. W. 1062. The trial court might with propriety have ignored the void order which had been entered granting appellant a new trial, and, under authority of the principles declared in the Neace case, have entered judgment against appellant on the verdict which had previously been returned against him. These things being true, it is wholly immaterial that the trial court performed the idle ceremony of entering a judgment setting aside the void judgment previously entered awarding appellant a new trial.

The judgment appealed from herein was entered at the November term, 1926, of the McCreary circuit court. Within 60 days thereafter appellant perfected this appeal by filing the record in the office of the clerk of this court. Hence, appellant's appeal on the merits, which was perfected within 60 days after the entry of the judgment, is regular and must be considered. Section 336, Criminal Code. A detailed statement of the facts having been given in Waters v. Commonwealth, supra, it is unnecessary to repeat them here.

Appellant insists that the trial court erred in admitting, by the witnesses Lila and Eva Waters, evidence of previous threats made by him, upon the theory that the threats proved were too indefinite to be evidence that he entertained malice toward deceased, Willie Waters. Our examination of the record discloses that no objection was made or exception noted to this evidence when heard. Hence the error, if any, was waived.

Appellant complains that the trial court erred in appointing Mrs. Will H. Caylor special bailiff to guard the lady members of the jury herein, the alleged error being that Mrs. Caylor is the wife of Will H. Caylor, who, as commonwealth's attorney, pro tem., prosecuted appellant upon his trial below. The record discloses that Mrs. Caylor was appointed and sworn as special bailiff without objection or exception. The fact that the appointment of Mrs. Caylor to guard the women of the jury was objected to by appellant was called to the attention of the trial court for the first time in appellant's motion and grounds for a new trial. It was then too late for the objection to be effective. Having failed to object and except at the time the alleged error was committed, under the practice uniformly prevailing in this jurisdiction, the error, if any, was waived. Errors occurring upon the trial of the case must appear in the bill of exceptions to be considered by this court on appeal.

The appellant urges that the attorney for the commonwealth was guilty of misconduct in his argument to the jury. He is precluded from relying upon this alleged error, because the bill of exceptions does not show that any portion of the argument of the attorney for the commonwealth was objected to or that appellant excepted to the ruling of the court thereon. This question likewise appears to have been raised for the first time in appellant's motion and grounds for a new trial.

Appellant's objections to instruction No. 6, given, are not well founded. He complains chiefly that the instruction is defective because it emphasizes facts offered in evidence, particularly the holding of appellant by the deceased. Appellant testified that in the course of the difficulty which followed his attempt to execute a warrant of arrest upon Robert Troxel, deceased, Willie Waters, interfered and took hold of him. If the instruction called the attention of the jury to this evidence and was erroneous, under the cases which have been written condemning instructions which single out and direct particular attention to any portion of the evidence, the error here was favorable rather than prejudicial to appellant, in that it called particular attention to the facts relied upon by him in justification of the homicide. Hence, the error, if any, cannot be held to have been prejudicial. What was said in Waters v. Commonwealth, 221 Ky. 433, 298 S. W. 1078, with reference to the sixth instruction, answers fully all of the other objections offered by appel-

lant to this instruction, and it need not be repeated here. No other errors are urged in brief for appellant as ground for reversal.

A careful consideration of the record convinces this court that appellant was accorded a fair and impartial trial and that the verdict of the jury is sustained by the evidence. The jury, under our system of jurisprudence, is the judge of the credibility of the witnesses and of the questions of fact presented by criminal prosecutions. This court may reverse a criminal judgment only when consideration of the entire record leads to the conclusion that appellant's substantial rights have been prejudiced by errors of law committed upon the trial below. No such errors appearing herein, the judgment must be affirmed.

Judgment affirmed.

Whole court sitting.