### ELLIOTT v. COMMONWEALTH OF KENTUCKY et al.

No. 466.

District Court, W. D. Kentucky, at Louisville.

July 22, 1942.

Zeb A. Stewart, of Corbin, Ky., for petitioner.

Hubert Meredith, Atty. Gen., Wm F. Neill, Asst. Atty. Gen., and J. B. Johnson and T. E. Mahan, both of Williamsburg, Ky., for respondents.

MILLER, District Judge.

The petitioner, William Elliott, filed his application herein for a writ of habeas corpus under the provisions of Sections 452 and 453, Title 28 U.S.C.A.

The petition sets out that the petitioner was indicted for murder at the January, 1941, term of the Whitley Circuit Court of Kentucky, was tried by a jury, found guilty and sentenced to death, but that by reason of certain facts, hereinafter referred to, his conviction and sentence was in violation of his rights guaranteed by the United States Constitution, and that he is being deprived of his life without due process of law. The particular facts relied upon in support of this contention are (1) that the indictment charged him with the commission of more than one offense; (2) that the shooting if done by him was accidental and involuntary which aspect of the case was not properly given to the jury by the trial court's instructions; (3) that the Commonwealth's Attorney asked the jury improper questions on the voir dire; (4) that two members of the jury had prior to the trial expressed their intention of finding the petitioner guilty if they were selected on the jury; (5) that the petitioner was convicted on the perjured testimony of a witness who claimed he saw the shooting when in fact he did not do so; (6) that a witness who would have testified that the shooting was wholly the result of an accident and involuntary on the part of the plaintiff had enlisted in the Army and removed to Iceland, and was not available at the trial; (7) that the petitioner was of unsound mind at the time of the alleged crime; (8) that he was not provided a reasonable opportunity to prepare his defense; and (9)

904

that the sentence of death imposed by the jury was cruel and inhuman punishment. Points 4, 5 and 6 were also classified by the petition as newly discovered evidence. The petition was filed at 8:00 p. m. on July 2, 1942, in Louisville, Kentucky, which was just a few hours before the sentence was to be carried out in the State Penitentiary at Eddyville, after midnight some 200 miles or more away. Taking the allegations of the petition at their face value and due to the lack of time in which to give them careful consideration, the District Judge stayed the execution of the sentence and set the matter for a hearing. The hearing was held on July 15, 1942, prior to which the respondents denied the material allegations of fact relied upon by the petitioner.

■ At the hearing the petitioner did not offer evidence in support of the eighth point referred to above, which is accordingly abandoned. On the other hand evidence was offered and received pertaining to two points not referred to in the petition, which are hereinafter discussed.

■ The original record in the state court proceedings was filed in evidence at the hearing. The Court has taken time to read the record of those proceedings. It shows that the petitioner Elliott was in the Whitley County jail under sentence for armed robbery. He was admitted to a small vestibule for the purpose of seeing a visitor. While Tuggle, a turnkey, was locking a door leading from the vestibule, Elliott grabbed his pistol from his hip in an attempt to escape. In the physical encounter which followed Tuggle was shot twice and later died. Elliott escaped and was later recaptured by a posse. The jury found him guilty of murder and fixed his death as the penalty. The record shows that this proceeding is at the outset vitally defective. Although the petitioner filed a motion for a new trial, which was overruled, and then took an appeal to the Court of Appeals of Kentucky, which later affirmed the judgment in the Circuit Court, and thereafter filed in the Circuit Court his petition in equity for a writ of coram nobis and audita querela, which was denied by the Circuit Court, which ruling was sustained on July 2, 1942 by the Court of Appeals of Kentucky, he at no time applied to the state court for a writ of habeas corpus. Such proceedings were available to him under the Kentucky law. Criminal Code of Practice, Sections 399 through

429. It has been held again and again that "orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open." Mooney v. Hollohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406, and cases cited therein. The opinion in that case relied particularly upon the fact that although the petitioner had taken many proceedings to secure his release, yet his failure to apply to the state court for a writ of habeas corpus prevented the United States District Court from granting the relief prayed. The Circuit Court of Appeals for this Circuit has twice recently applied the same rule. Sharpe v. Buchanan, 121 F.2d 448; Stonefield v. Buchanan, 124 F.2d 23.

■ Irrespective of the foregoing well established rule which in itself requires a dismissal of the petition, a review of the various points relied upon by the petitioner shows that no one of them is properly addressed to the consideration of this Court. It is well settled that the writ of habeas corpus in the Federal Court can not be used as a writ of error. Errors in point of law, however serious, committed by a criminal court of the state in the exercise of its jurisdiction over a case properly subject to its cognizance, can not be reviewed in the Federal Court through application for a writ of habeas corpus. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. The due and orderly administration of justice in a state court is not to be interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138; Ex parte Royall, 117 U.S. 241, 250, 253, 6 S.Ct. 734, 29 L.Ed. 868; Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 59 L.Ed. 969; Jones v. Commonwealth, 6 Cir., 97 F.2d 335; Ex parte Sharpe, D.C.W.D.Ky., 36 F.Supp. 386; Ex parte Stonefield, D.C. W.D.Ky., 36 F.Supp. 453, 455, and cases therein cited. Points 1, 2 and 3 relied upon by the petitioner are pure questions of law which arose during the trial in the state court and were passed upon by the Court of Appeals of Kentucky in the appeal from the judgment of con-

viction. See Elliott v. Commonwealth, 290 Ky. 502, 161 S.W.2d 633. Point 7 was an issue of fact presented to the jury in the state court trial and on which they were instructed by the trial judge. Obviously those decisions of law and of fact by the state court can not be reviewed by this Court in this proceeding.

■ Point 4 relied upon by the petitioner was not supported by the evidence. The testimony of the only witness for the petitioner on this point was not impressive. It was denied unequivocally by the juror himself. See Ponton v. Commonwealth, 269 Ky. 614, 108 S.W.2d 535.

■ The proof introduced in support of Point 5 dealing with perjured testimony was very unsatisfactory. Even if it is conceded that this witness gave perjured testimony, it did not inject into the case any fact which was not otherwise established without contradiction. This witness, M. D. Angel, a prisoner in the jail at the time, testified that he saw the petitioner snatch the decedent's pistol and shoot him when he came at him. He made no attempt to explain why the shooting took place. Other prisoners in the jail who were with Angel at the time testified that the shooting occurred in the vestibule of the jail which was separated from where they were by a door which had a small glass window in it, and that they could not see what happened because the window was too small to give a view to anyone standing where they were standing at the time. The fact that the petitioner shot the decedent appears uncontradicted in the record. It is proved by the dying declaration of Tuggle the decedent. Three eye witnesses to the actual shooting, namely, Grover Reynolds, Mrs. Parlie Reynolds and Charlie Reynolds, all testified likewise. Walter M. Smith, A. M. Caddell and James Lantern all testified that the petitioner made to them a statement to the same effect. Elliott himself testified that he grabbed the decedent's pistol pointed it at the decedent and attempted to force him by threat of the pistol to get out of his way in his attempt to escape. Elliott's only defense on this point was that he did not intend to fire the pistol but that it went off accidentally while it was in his hand. Angel's testimony was obviously of no importance in the case, and accordingly presents an entirely different question than the one before the Court in Jones v. Commonwealth, 6 Cir. 97 F.2d 335, relied upon by the petitioner.

■ With reference to Point 6 relied upon by the petitioner, the record fails to show that any motion was made for a continuance by reason of the absence of a material witness, or that any affidavit was filed showing what testimony the absent witness would give if he were present. Accordingly, the point was waived unless it has some effect as newly discovered evidence.

■ Points 4, 5, 6 and 7 are urged upon the Court as newly discovered evidence in support of the relief prayed for. However, newly discovered evidence in a state court conviction is not grounds for the issuance of a writ of habeas corpus by a Federal Court. The Criminal Code of Kentucky provides for the granting of a new trial in the state court if the defendant has discovered material evidence in his favor since the verdict. Section 271(6), Criminal Code of Practice. That statutory procedure, together with the pardoning power on the part of the Governor, gives the defendant in a criminal proceeding adequate relief in any case of newly discovered evidence and complies with the requirement of due process of law. Ex parte Sharpe, D.C. W.D.Ky., 36 F.Supp. 386, 388. If the petitioner failed to follow that procedure in the state court, it can not be remedied here. Nor can this Court review the act of the Governor in the exercise or non exercise of the pardoning power conferred upon him by the Kentucky Constitution.

■ Petitioner's counsel offered no authority in support of his 9th point that the death sentence constituted cruel and inhuman punishment. No one can reasonably contend that a statute imposing the death sentence for willful murder is cruel and inhuman punishment. The maximum penalty provided by the statute is the only thing this Court can consider. The fact that the jury under the evidence before it could have found a verdict carrying a lesser punishment, or that such a verdict might appear to the Court more in keeping with the facts than the one rendered is entirely beside the point. This Court has no authority to review the measure of punishment given by a state court jury within the limits of a valid statute denouncing the crime of which the defendant is found guilty.

■ At the hearing in this proceeding the petitioner offered evidence to the effect that (1) when the jurors visited the

scene of the crime two of them separated from the remainder and went to a washroom on the floor above where they were overheard talking about the case to each other, and (2) that the petitioner was not present at all times during the trial in the state court. These points were not referred to in the petition. The evidence in support of them was extremely meager. Only one witness, namely, Mila Adams, an Aunt of the petitioner, offered any such testimony, and with respect to the point that Elliott was not in the court room while the trial was in progress she admitted that she did not know if anyone was actually testifying while he was in an anteroom, or if it was merely during recess. The overwhelming weight of the evidence was to the contrary and completely refuted these two contentions. Even if the contentions were supported by the testimony they would not justify the granting of the relief sought by this proceeding. The right of a defendant in a criminal trial in Kentucky in a felony case to have the jury kept together in charge of a proper officer, is statutory and not constitutional. Criminal Code of Practice of Ky. Sec. 244; Arnold v. Commonwealth, 194 Ky. 421, 240 S.W. 87. The statute has been construed many times as not including every physical separation and as not applying to a situation like the one claimed by the petitioner to exist in his case. Also the question must be raised during the trial, or it is waived. Johnson v. Commonwealth, 179 Ky. 40, 200 S.W. 35; Barnes v. Commonwealth, 179 Ky. 725, 201 S.W. 318; Caudill v. Commonwealth, 217 Ky. 403, 289 S.W. 371; Blyew v. Commonwealth, 91 Ky. 200, 15 S.W. 356, 12 Ky.Law Rep. 742; Adkins v. Commonwealth, 197 Ky. 385, 247 S.W. 26; Belcher v. Commonwealth, 247 Ky. 831, 57 S.W.2d 988; Clemens v. Commonwealth, 224 Ky. 370, 6 S.W.2d 483; Walling v. Commonwealth, 260 Ky. 178, 84 S.W.2d 10.

■ It is also the Kentucky rule that the absence of the defendant in a criminal case from a court room while proceedings are going on does not render the judgment void, but merely makes it erroneous and that unless an exception is taken during the trial such error is waived. Boreing v. Beard, 226 Ky. 47, 10 S.W.2d 447; Kindrick v. Commonwealth, 226 Ky. 144, 10 S.W.2d 639; Doyle v. Commonwealth, 37 S.W. 153, 18 Ky.Law Rep. 518. It was held by the Supreme Court in Frank v. Mangum, 237 U.S. 309, 339, 340, 35 S.Ct. 582, 59 L.Ed. 969, that the rule of a state court which permitted a defendant to be absent in a criminal trial while proceedings were going on without rendering the judgment void did not deprive the defendant of due process of law.

■ The petitioner also showed that while the jury was at the scene of the crime, Charles West, a deputy jailer, but who was not present at the shooting, pointed out to some of the jurors bullet holes in the wall which he indicated were caused by the shooting in question. Such evidence was both hearsay and incompetent as coming from an unauthorized source and not under oath. But the affidavit of R. C. Browning, petitioner's attorney in the state trial, and the evidence at this hearing shows that petitioner's attorney was present when that occurred and made no objection then or at any time during the trial. The point was accordingly waived at that time and can not be raised now. Smiddy v. Commonwealth, 269 Ky. 50, 106 S.W.2d 131; McIntosh v. Commonwealth, 234 Ky. 192, 27 S.W.2d 971; Belcher v. Commonwealth, 247 Ky. 831, 57 S.W.2d 988; Wilson v. Commonwealth, 222 Ky. 840, 2 S.W.2d 1044; Sawyer v. Commonwealth, 227 Ky. 435, 13 S.W.2d 267.

■ The foregoing review of the evidence produced at this hearing and the well settled principles of law applicable thereto shows that there is nothing in this proceeding which authorizes this court to grant the relief prayed for; that the matter is one which is controlled entirely by the state proceedings; that the established rules of proceedings in the state of Kentucky afforded to this petitioner everything which is necessary to constitute due process of law; and that any alleged errors of law occurring in the state court proceedings can not be reviewed by a Federal District Court in a habeas corpus proceeding. There is no alternative by the Court except to dismiss the petition, which will be done without prejudice to the petitioner's recourse to any state judicial remedy that may still remain open, or to any rights that he might have upon application to a Judge of the Circuit Court of Appeals for a certificate of probable cause for an appeal under the provisions of Section 466, Title 28 U.S.C.A.